IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-60035
Summary Calendar
_____

DAVID VASQUEZ-DE LA O,

                                        Petitioner,

versus

JOHN ASHCROFT, ATTORNEY GENERAL,

                                        Respondent.

--------------------
Petition for Review of an Order
of the Board of Immigration Appeals
(A29 769 161)
--------------------
September 3, 2002

Before  BARKSDALE, DeMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

     David Vasquez-De La O ("Vasquez") has filed a petition for

review of the Board of Immigration Appeal's (BIA's) order denying

his appeal of an immigration judge's denial of a motion to reopen

his immigration proceedings.  Vasquez argues that the BIA

erroneously dismissed his appeal when it concluded that the Legal

Immigration Family Equity Act ("LIFE Act"), Pub. L. No. 106-553,

and the LIFE Act amendments of 2000, Pub. L. No. 106-554, which

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

granted additional time for seeking relief from deportation pursuant to the Nicaraguan Adjustment and Central American Relief Act ("NACARA"), Pub. L. No. 105-100, tit. II, 111 Stat. 2193, amended by Pub. L. No. 105-139, 111 Stat. 2644, did not extend the deadline for Vasquez's motion to reopen.

After reviewing the administrative record, the briefs of the parties, and applicable statutes and regulations, we conclude that Vasquez has not shown error in the BIA's determination that Vasquez failed to comply with the time period set forth in NACARA's implementing regulations. See 8 C.F.R § 3.43(c)(1) and (2) (2001). Additionally, we find no error in the BIA's determination that the LIFE Act Amendments did not extend the NACARA deadline for Vasquez, since Vasquez was not subject to the bar of section 241(a)(5) of the Immigration and Nationality Act, 8 U.S.C. § 1231(a)(5). See LIFE Act Amendment § 1505(a)(1) and (2). To the extent that Vasquez presents factual and legal arguments that were not presented in his appeal to the BIA, those issues were not administratively exhausted and this court does not have jurisdiction to consider such issues. See Wang v. Ashcroft, 260 F.3d 448, 453 (5th Cir. 2001).

Accordingly, the BIA's decision is AFFIRMED.