IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-60165
Summary Calendar
_____

NAILE BERISHA; NEZIR BERISHA,

                                        Petitioners,

versus

JOHN ASHCROFT, U.S. ATTORNEY GENERAL,

                                        Respondent.

--------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA Nos. A27 229 899, A27 230 302
--------------------
January 24, 2003

Before JONES, STEWART, and DENNIS, Circuit Judges.

PER CURIAM:*

    Naile and Nezir Berisha have filed a petition for review of
the Board of Immigration Appeals' ("BIA") order denying their
motion to reopen their deportation proceeding, which they filed so
that their applications for asylum and for relief under the
Nicaraguan Adjustment and Central American Relief Act ("NACARA")
could be adjudicated.  The BIA denied the motion, which was filed
in May 2001, as untimely under the applicable NACARA regulatory
deadlines.

---

    * Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

The Berishas do not explicitly deny that their motion was untimely under the applicable regulatory deadlines or that the BIA abused its discretion in denying the motion accordingly. See 8 C.F.R. § 3.43(e)(1) (requiring motion to reopen in NACARA case to be filed by September 11, 1998). They do maintain that the BIA abused its discretion by failing to articulate reasons for the denial of their motion to reopen. The record shows, however, that the BIA plainly and simply concluded that the motion was untimely, and it cited regulatory provisions addressing the filing periods for such motions.

The Berishas also contend that their motion to reopen should have been granted because the notice of their deportation hearing in 1987 did not comply with "personal service requirements." (The Berishas were ordered deported in absentia in 1987.) Even if there is some merit to this underlying substantive contention, the contention does not address the BIA's conclusion that the motion to reopen was untimely.

Finally, the Berishas argue for the first time that the application of NACARA's September 11, 1998, cutoff date violates their equal-protection rights, because Legal Immigration Family Equity ("LIFE") Act amendments granted the right to file motions to reopen on or before October 16, 2001, to aliens who had left the United States and illegally returned, but not to aliens like the Berishas who have lived in the country continuously. Because the Berishas failed to exhaust this issue before the BIA, this court

lacks jurisdiction to consider it.  <u>See</u> <u>Wang v. Ashcroft</u>, 260 F.3d 448, 453 (5th Cir. 2001).

For the foregoing reasons, the Berishas' petition for review is DENIED.