United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 5, 2005**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

---

**No. 03-61074
Summary Calendar**

---

**JAFAR IBRAHIM MUHAMMAD,**

**Petitioner,**

**versus**

**JOHN ASHCROFT, U.S. ATTORNEY GENERAL,**

**Respondent.**

---

**Petition for Review of an Order of the
Board of Immigration Appeals
(A78 555 116)**

---

Before JONES, BARKSDALE, and PRADO, Circuit Judges.

PER CURIAM:[*]

Jafar Ibrahim Muhammad, a native and citizen of Pakistan, petitions for review of the decision of the Board of Immigration Appeals (BIA) dismissing his appeal from the immigration judge's (IJ) denial of his application for withholding of deportation and protection under the Convention Against Torture (CAT). The BIA determined: Muhammad's testimony was not credible, noting Muhammad claimed to have been mistreated prior to 1984 under the government of Muhammad Nawaz Sharif, but that Sharif did not assume power

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

until 1990. The BIA also determined: Muhammad's testimony was uncorroborated; and he had not been personally harmed in almost 20 years.

Muhammad contends he is entitled to asylum and withholding of deportation because he has been a victim of past persecution and has established a well-founded fear of future persecution. He asserts the BIA's credibility determination relied on his testimony regarding the dates that events occurred but did not call into question his having suffered political persecution. He also contends he suffered such persecution as recently as 2000, when his house was burned.

Muhammad conceded before the BIA that his application for asylum was untimely. Because Muhammad did not administratively exhaust his asylum claim by pursuing it before the BIA, we lack jurisdiction to address it. *See* **Wang v. Ashcroft**, 260 F.3d 448, 452-53 (5th Cir. 2001). Additionally, Muhammad has abandoned his claim under the CAT by not briefing it in his petition for review. *See* **Yohey v. Collins**, 985 F.2d 222, 224-25 (5th Cir. 1993).

To obtain withholding of removal, an applicant "must show that 'it is more likely than not' that his life or freedom would be threatened by persecution" based on his political opinion, race, religion, nationality, or membership in a particular social group. **Efe v. Ashcroft**, 293 F.3d 899, 906 (5th Cir. 2002) (quoting 8 C.F.R. § 208.16(b)(1)). We review for substantial evidence the

2

BIA's determination that an alien is not entitled to withholding of removal and do not substitute our judgment of the witness's credibility for that of the BIA or IJ.  *See* **id.** at 905-06; **Chun v. INS**, 40 F.3d 76, 78 (5th Cir. 1994).  The BIA's decision did not rely solely on discrepancies in the dates of the events as related by Muhammad, but also considered the uncorroborated nature of his testimony.  Considering the record as a whole, the determination that Muhammad did not establish entitlement to withholding of deportation is supported by substantial evidence.  *See* **Chun**, 40 F.3d at 79.

*DENIED*

3