United States Court of Appeals
Fifth Circuit

**F I L E D**

**September 29, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-60188
Summary Calendar

UHUNOMAN IGHODARO, also known as Nicholas
Ighodaro, also known as John Doe,

                                        Petitioner,

versus

ALBERTO R. GONZALES, U.S. ATTORNEY GENERAL,

                                        Respondent.

--------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A29 987 308
--------------------

Before JOLLY, JONES, and OWEN, Circuit Judges.

PER CURIAM:[*]

    Uhunoman Ighodaro petitions this court for review of the
Board of Immigration Appeals' ("BIA") summary affirmance of the
Immigration Judge's ("IJ") order denying his applications
for cancellation of removal and adjustment of status.  Ighodaro
argues that the IJ erred in denying his application for
cancellation of removal because 181 of the 211 days that he spent
in jail in connection with his two assault convictions
constituted pretrial detention and did not therefore occur "as a
result of conviction" as required by 8 U.S.C. § 1101(f)(7).

---

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

He further argues that the IJ erred in considering his criminal record when reviewing his application for adjustment of status and that the IJ erred in finding that he had filed numerous frivolous applications for immigration benefits. These arguments were not administrativley exhausted and, thus, they are not considered by this court. See Wang v. Ashcroft, 260 F.3d 448, 452-53 (5th Cir. 2001). Ighodaro's argument that his due process rights were violated at the hearing before the IJ is also unexhausted and not adequately briefed. See Wang, 260 F.3d at 452-53; Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993); Soadjede v. Ashcroft, 324 F.3d 830, 833 (5th Cir. 2003).

In addition, we cannot glean from the petition for review whether Ighodaro is complaining that the IJ failed to rule on his application for a waiver of excludability under INA § 212(h) or that the IJ denied this application but failed to give reasons for its denial. He provides no legal authority for his assertion that the IJ was required to give reasons for denying an application for a waiver of excludability. Accordingly, we consider any challenge regarding his application for a waiver of excludability abandoned. See Yohey, 985 F.2d at 224-25; Soadjede, 324 F.3d at 833; see also Westover v. Reno, 202 F.3d 475, 481 (1st. Cr. 2000).

Ighodaro argues that he has a statutory right to an administrative appeal in his deportation proceedings and that the BIA's ability to affirm without an opinion has resulted in mass

production appellate review that is review in name only.  This argument is without merit.  <u>See</u> 8 C.F.R. § 1003.1(b); <u>Albathani v. INS</u>, 318 F.3d 365, 376, 378-79 (1st Cir. 2003).  Ighodaro further argues that his case did not meet the BIA's requirements for issuance of an affirmance without opinion pursuant to 8 C.F.R. § 1003.1(e)(4).  Because Ighodaro has not shown any error by the IJ, he has failed to show that there was error with respect to the BIA's summary affirmance.  To the extent Ighodaro argues that the summary affirmance violated his due process rights, the argument is without merit.  <u>See</u> <u>Soadjede</u>, 324 F.3d at 832-33.

PETITION FOR REVIEW DENIED.