United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 3, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-61035
Summary Calendar
_____

SAVUTH MOA; PAOV KONG,

Petitioners,

versus

ALBERTO R. GONZALES, U.S. ATTORNEY GENERAL,

Respondent.

--------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA Nos. A77 251 694
        A77 251 685
--------------------

Before GARZA, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM:*

     Savuth Moa and Paov Kong petition this court for review of

the decision of the Board of Immigration Appeals (BIA) denying

their motion for reconsideration of its order denying a motion to

reopen the removal proceedings.  The petitioners argue that the

BIA committed "legal error" by denying their motions.

     Motions to reopen are disfavored.  Lara v. Trominski, 216

F.3d 487, 496 (5th Cir. 2000).  This court reviews a denial of a

motion to reopen for an abuse of discretion.  Soadjede v.

---

     * Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Ashcroft, 324 F.3d 830, 832-33 (5th Cir. 2003).  Under the abuse of discretion standard, this court will let a decision stand "so long as it is not capricious, racially invidious, utterly without foundation in the evidence, or otherwise so aberrational that it is arbitrary rather than the result of any perceptible rational approach."  Pritchett v. INS, 993 F.2d 80, 83 (5th Cir. 1993) (quotation and citation omitted).  Where the denial of a motion to reopen rests upon a finding of statutory ineligibility, this court also reviews for errors of law.  Ghassan v. INS, 972 F.2d 631, 637 (5th Cir. 1992).  Although this court gives great weight to the INS's interpretation of its own regulations, this interpretation may be discounted if it is plainly unreasonable. Id.

"In order to warrant reopening, a petitioner must make a prima facie showing that he is eligible for the relief sought." Id.  Congress eliminated the exceptional-circumstances justification for failing to depart when it amended the immigration statutes.  Compare INA § 240B(d)(8 U.S.C. § 1229c(d)) with INA § 244(e)(8 U.S.C. § 1252(e)(2)(A)(1995)(repealed 1996). The petitioners thus were statutorily ineligible from obtaining an adjustment of their status.  The BIA thus did not commit "legal error" in denying the motion for reconsideration of the denial of the motion to reopen.  See Ghassan, 972 F.2d at 637. Further, the petitioners have not shown that equitable considerations warrant a determination that the BIA abused its

discretion in denying their motions.  See Soadjede, 324 F.3d at 832-33.  This court lacks jurisdiction to consider the petitioners' contentions regarding the reinstatement of voluntary departure.  See Wang v. Ashcroft, 260 F.3d 452-53 (5th Cir. 2001).

The petition for review is DENIED.  The motion for summary affirmance is DENIED as moot.