**Revised January 26, 1999**

**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

_____

No. 98-50572
Summary Calendar

_____

JAMES E. WRIGHT

Plaintiff-Counter Defendant-Appellant,

VERSUS

UNITED STATES OF AMERICA, and its Agency,
the Department of Agriculture;
WILLARD J. PHELPS, Technology Transfer Officer
of the United States Department of
Agriculture; SECRETARY UNITED STATES DEPARTMENT
OF AGRICULTURE; DANIEL GLICKMAN, Secretary
United States Department of Agriculture

Defendant-Appellees,

and

TROY BIOSCIENCES, INCORPORATED

Intervenor Defendant-Counter Plaintiff-Appellee.

_____

Appeal from the United States District Court
for the Western District of Texas

_____
January 19, 1999

Before REYNALDO G. GARZA, JOLLY, and, WIENER Circuit Judges.

PER CURIAM:


I. FACTUAL AND PROCEDURAL BACKGROUND


Dr. James Wright ("Wright"), while working for United States

Department of Agriculture ("USDA"), isolated a specific strain of

BB fungus that was effective against boll weevils and other crop damaging insects such as leafhoppers and whiteflies. Combined with an attractant and a food source, the strain would infect the insect either by ingestion or physical contact and provide an effective means for controlling these pests. This particular strain of fungus was deposited and stored as ATCC No. 74040.

Wright petitioned the government to grant him the ownership rights to the invention. On February 24, 1997, the Office of the General Counsel of the USDA issued a formal determination stating that the domestic patent rights in the invention belonged to the Government. Wright appealed this decision to the Department of Commerce.

On October 10, 1997, following an administrative hearing, the Department of Commerce affirmed the USDA's ownership rights to the invention. On November 13, 1997, it denied Wright's request for reconsideration.

A suit in district court followed and each party filed a motion for partial summary judgment. The motions by the defendants-appellees: United States; Willard J. Phelps, Technology Transfer Officer of the United States Department of Agriculture; and Daniel Glickman, Secretary United States Department of Agriculture, addressed whether the final determination of the United States Commerce Department in favor of the USDA was arbitrary and capricious.

Wright raised a second issue in district court: whether the

2

USDA has the right to grant an exclusive license to Troy Biosciences, Incorporated ("TBI").  Since, the district court found that the government owned the entire right, title and interest in the invention, the second issue was not addressed.

## II. STANDARD OF REVIEW

In making its determination of the issues, this Court may only set aside an agency's decision if that decision is found to be "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law."  5 U.S.C. § 706.  The agency's decision does not have to be ideal so long as the agency gave at least minimal consideration to relevant facts contained in the record.  *Harris v. United States*, 19 F.3d 1090, 1096 (5th Cir. 1994).  As long as a rational basis for the agency's decision exists, it is not considered an abuse of discretion.  *Id.*

## III. DISCUSSION

The issue presented is whether pursuant to Commerce Department Regulation, 37 C.F.R. § 501 *et seq*., the invention belongs to the Government under § 501.6(a)(1) of the regulation, or if Wright has a valid ownership claim under § 501.6(a)(2). The relevant parts of § 501.6 read as follows:

(a) The following rules shall be applied in determining

3

the respective rights of the Government and of the inventor in and to any invention that is subject to the provisions of this part:
(1) The Government shall obtain, except as herein otherwise provided, the entire right, title and interest in and to any invention made by any Government employee.

* * *

(2) In any case where the contribution of the Government, as measured by any one or more of the criteria set forth in paragraph (a)(1) of this section, to the invention is insufficient equitably to justify a requirement of assignment to the Government of the entire right, title and interest in and to such invention, **or in any case where the Government has insufficient interest in an invention to obtain the entire right, title and interest** therein (although the Government could obtain same under paragraph (a)(1) of this section), the Government agency concerned shall leave title to such invention in the employee, subject however to the reservation to the Government of a nonexclusive, irrevocable, royalty-free license in the invention with power to grant licenses for all governmental purposes.

(Emphasis added).

It is undisputed that Wright made the invention during working hours as a government employee, that government funds were used for the discovery and that the discovery was directly related to the duties of Wright's employment.

Wright asserts that the government was only interested in publishing his invention and did not initially file an application for a patent.  This, he asserts, impliedly granted him the right to patent the invention under § 501.6(a)(2).

The USDA argues, as stated in the Department of Commerce's

4

opinion, "An agency's desire to publish an invention, does not necessarily mean that it is not interested in the invention." Therefore, the fact that the government wanted to publish the invention did not constitute an "insufficient interest in the invention" under § 501.6(a)(2). The Department of Commerce held that Wright did not have a valid claim to the invention under § 501.6(a)(2) because the government's rights remained solely within the purview of § 501(a)(1).

In determining what constitutes "insufficient interest" for purposes of § 501(a)(2), this Court relies upon the Supreme Court's holding in *Thomas Jefferson Univ. v. Shalala*, 512 U.S. 504, 512(1994), where the Court discusses an agency's right to interpret its own rules. In *Shalala*, the Court held that an agency's interpretation of its own rules must be given controlling weight unless it is plainly erroneous or inconsistent with the regulation. *Id*. at 512.

Upon review of the lengthy record provided in this appeal and a review of the district court' holding, this Court concludes that there was no abuse of discretion in determining that the USDA has the right of ownership over this invention. This Court grants great deference to the USDA's interpretation of the words "insufficient interest" in § 501.6(a)(2). We do not find any language in this section which would lead us to believe that the district court's holding is blatantly inconsistent with § 501 and

5

its relevant sub-parts.  Moreover, since the government rightfully possesses ownership to this invention, we need not address the issue of whether the USDA has the right to grant an exclusive license to Troy Biosciences, Incorporated.

## IV. CONCLUSION

Accordingly, we AFFIRM the district court's holding.