**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**December 5, 2003**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-60107
Summary Calendar

_____

WILLIAM ALBERTO TORO; JULIANA BAEZ;
DANIELA BAEZ LOPEZ; ANDRES TORO,

                                        Petitioners,

versus

JOHN ASHCROFT, U.S. ATTORNEY GENERAL,

                                        Respondent.

--------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A78-350-939
BIA No. A78-350-940
BIA No. A78-350-941
BIA No. A78-350-942
--------------------

Before JONES, BENAVIDES, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

    William Alberto Toro, his wife Juliana Baez, and their

children, Daniela Baez Lopez and Andres Toro, all natives of

Colombia, petition for review of an order from the Board of

Immigration Appeals ("BIA") affirming the immigration judge's

("IJ") decision to deny their applications for asylum,

withholding of removal under the Immigration and Nationality Act

---

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

("INA"), and withholding of removal under the Convention Against Torture Act ("CAT").

The Toros raise several claims asserting procedural errors occurring during the hearing held before the IJ, which were not presented to the BIA.  The respondent argues that these claims must be dismissed for lack of jurisdiction based on a failure to exhaust the claims administratively.

Because the exhaustion requirement is statutorily mandated, an alien's failure to exhaust an issue before the BIA is a jurisdictional bar to this court's consideration of the issue. Wang v. Ashcroft, 260 F.3d 448, 452-53 (5th Cir. 2001).  The alleged procedural errors raised by the Toros could have been corrected if they had been presented to the BIA.  Therefore, these claims are not subject to review based on lack of exhaustion.  Id.

The Toros argue that the BIA erred in allowing the case to be "streamlined" because the factual issues in the case merited a full review by the BIA and the errors in the decision were not harmless or nonmaterial.  The BIA's affirmance was not a summary affirmance pursuant to 8 C.F.R. § 3.1(a)(7) (now 8 C.F.R. § 1003.1(a)(7)) because the BIA did not cite that provision as required by the regulation and did not indicate that it was affirming without opinion.  See 8 C.F.R. § 1003.1(a)(7)(iii). Further, the BIA provided reasons for agreeing with the decision of the IJ.  This claim is without merit.

The Toros argue that the BIA erred in adopting the IJ's finding that the Toros were not "refugees" based on a well founded fear of future persecution because Toro was no longer working for the alarm company and was not sure if the company was still in business. A refugee is a person who is outside of his or her country and is unable or unwilling to return "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A). Pretermitting the question whether the action taken by the guerillas against the Toros was due to Mr. Toro's political opinion or his membership in a social group, the evidence of threatening telephone calls and verbal threats made by guerillas during Toro's brief detention does not reflect that such action was so severe as to constitute persecution. See Mikhael v. INS, 115 F.3d 299, 303-04 (5th Cir. 1997); Abdel-Masieh v. U.S. INS, 73 F.3d 579, 582, 584 (5th Cir. 1996).

To establish a "well-founded fear of persecution," Toro "must show that a reasonable person in the same circumstances would fear persecution if deported." Mikhael, 115 F.3d at 304. Toro does not dispute that his company is no longer in business. Thus, the guerillas' main reason for harassing him has been eliminated. Toro has not provided any evidence to show that it is likely that the guerillas will single him out for intolerable abuse if he returns to Colombia. Thus, the Toros have not

established that a reasonable person would fear persecution if he returned to Colombia.  There is substantial evidence in the record to support the BIA's denial of the Toros' application for asylum.

Because Toro did not establish a prima facie case for asylum, he also cannot meet the more stringent standard for proving his eligibility for withholding of removal.  See Girma v. INS, 283 F.3d 664, 666-67 (5th Cir. 2002).  Toro failed to brief any arguments regarding the BIA's denial of relief under the CAT and has therefore abandoned any arguments relating to that claim.  See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993).

The respondent's motion to dismiss the unexhausted claims is GRANTED.  The petition for review is DENIED.  The respondent's motion to waive the briefing requirement is GRANTED, and the motion for an extension of time to file a brief is DENIED as moot.