United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 17, 2005**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 04-60401
Summary Calendar
_____

DUKE APPLETON, also known as Duke Klabo Richard Appleton;
ALICE APPLETON; DUKE KLABO WEBSTER WADE APPLETON; KOLLICE
APPLETON; DUKE EDWARD WADE KLABO APPLETON,

Petitioners,

versus

ALBERTO R. GONZALES, U.S. ATTORNEY GENERAL,

Respondent.

-----------------------------------------------------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA Nos. A96 029 280
A92 029 281
A96 029 282
A96 029 283
A96 029 284
-----------------------------------------------------------------

Before WIENER, BENAVIDES and STEWART, Circuit Judges.

PER CURIAM:[*]

_____

   *
   Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and
is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The Appletons petition for review of the Board of Immigration Appeals's (BIA's) decision denying their request for asylum and withholding of removal. They have also moved this court to expedite its review of their petition.

We reject the Appletons' argument that the BIA impermissibly reviewed the immigration judge's factual findings de novo; the BIA did not substitute its own factual findings for those of the immigration judge but instead held that the evidence was insufficient to support the immigration judge's findings, which it was legally entitled to do. See Girma v. INS, 283 F.3d 664, 667-68 (5th Cir. 2002). We further hold that the BIA's asylum determination was supported by substantial evidence. See Faddoul v. INS, 37 F.3d 185, 188 (5th Cir. 1994). The BIA was not required to accept, without corroboration, Duke Appleton's oral testimony as sufficient evidence to establish eligibility for asylum given that the immigration judge had impugned his credibility, finding that Appleton was trustworthy only with verification. See 8 C.F.R. § 208.13(a) (2004); Abdel-Masieh v. Ashcroft, 73 F.3d 579, 584 (5th Cir. 1996).

We are without jurisdiction to address the Appletons' argument that they are entitled to asylum under the mixed-motives doctrine given that this argument was not presented to the BIA. See Wang v. Ashcroft, 260 F.3d 448, 452-53 (5th Cir. 2001). Finally, when read in its entirety, the BIA's decision does not support a determination that it misapplied the law on imputed political opinion. Cf. Campos-Guardado v. INS, 809 F.2d 285, 289 (5th Cir. 1987).

PETITION DENIED; MOTION TO EXPEDITE REVIEW DENIED.