United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 18, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-60679
Summary Calendar

JUAN JOSE DE JESUS,

Petitioner,

versus

ALBERTO R. GONZALES, U.S. ATTORNEY GENERAL,

Respondent.

--------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A77 401 876
--------------------

Before JONES, WIENER, and DeMOSS, Circuit Juges.

PER CURIAM:[*]

Juan Jose De Jesus petitions for review of an order of the Board of Immigration Appeals ("BIA") adopting and affirming the Immigration Judge's decision to deny his application for cancellation of removal under the Immigration and Nationality Act. His argument that the Immigration and Naturalization Service failed to follow 8 C.F.R. § 236.3 in obtaining his signatures on the 1998 and 1999 voluntary departure agreements will not be addressed because it was unexhausted before the BIA. See Wang v. Ashcroft, 260 F.3d 448, 452-53 (5th Cir. 2001).

---

[*]      Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

De Jesus argues, without any legal authority, that minors cannot enter into voluntary departure agreements. We deem this issue abandoned as it is inadequately briefed. See Cinel v. Connick, 15 F.3d 1338, 1345 (5th Cir. 1994); Villanueva v. CNA Ins. Cos., 868 F.2d 684, 687 n. 5 (5th Cir. 1989). Additionally, De Jesus's argument that his voluntary departures resulted in a denial of due process because he was unfairly deprived of the benefit of applying for cancellation of removal is without merit. "Eligibility for discretionary relief from a removal order is not 'a liberty or property interest warranting due process protection.'" See Mireles-Valdez v. Ashcroft, 349 F.3d 213, 215, 219 (5th Cir. 2003). Accordingly, De Jesus's petition for review is DENIED.