United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 19, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-60197
Summary Calendar

ADA JOHAR HAMDANI

Petitioner

v.

ALBERTO R GONZALES, U S ATTORNEY GENERAL

Respondent

Petition for Review of an Order of the Board of Immigration
Appeals
No. A78 957 347

Before KING, Chief Judge, and SMITH and GARZA, Circuit Judges.

PER CURIAM:[*]

Petitioner Ada Johar Hamdani challenges the decision of the
Board of Immigration Appeals ("BIA") adopting and affirming the
Immigration Judge's ("IJ") decision to deny his application for
withholding of removal.  For the reasons stated below, we AFFIRM.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Ada Johar Hamdani is a twenty-one-year-old native and
citizen of Pakistan who entered the United States without

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

inspection on December 3, 2000. Upon his arrival in the United States, Hamdani moved to Houston, Texas, to live with a family member. On July 5, 2002, the Immigration and Naturalization Service ("INS"),[1] believing that Hamdani had overstayed his visitor's visa, charged Hamdani with removability as an alien present in violation of the law under 8 U.S.C. § 1227(a)(1)(B) (2000). At his first appearance before an IJ on January 14, 2003, Hamdani received a sixty-day continuance to allow his pending labor certification application to be processed.[2] At the next hearing, held in March, Hamdani denied that he had entered the United States on a visitor's visa and overstayed that visa; instead he asserted that he had entered the United States without inspection. The IJ granted the government's request for a merits hearing.

At the merits hearing on June 17, 2003, the government filed an amended charge of removability, this time under 8 U.S.C. § 1182(a)(6)(A)(i), alleging that Hamdani was an alien who had arrived in the United States without being admitted or paroled.

---

[1] As of March 1, 2003, the INS's administrative, service, and enforcement functions were transferred from the Department of Justice to the new Department of Homeland Security. The Bureau of Immigration and Customs Enforcement in the Department of Homeland Security assumed the INS's detention, removal, enforcement, and investigative functions.

[2] Throughout the course of these proceedings, despite receiving a number of continuances, Hamdani was unable to produce a valid labor certification.

Hamdani admitted these allegations and conceded his removability. The IJ then granted a continuance to allow Hamdani to file an asylum application. At the next hearing, August 19, 2003, Hamdani conceded that he was not eligible for asylum because he had failed to file an application within one year of his arrival in the United States.

The IJ granted another continuance and held a hearing on Hamdani's request for withholding of removal under 8 U.S.C. § 1231(b)(3)(A) on December 2, 2003. At the hearing, Hamdani testified that he was a Shi'a Muslim and had fled to the United States because he felt that his life had been in danger in Pakistan. According to Hamdani, the minority Shi'a Muslims often suffer harassment at the hands of the Sunni Muslims, who make up eighty-four percent of Pakistan's population. Hamdani claimed that Sunni Muslims had beaten him at a bus stop on his way to college on two separate occasions and that the police did not adequately respond to his complaints. He claimed that his brother had suffered similar treatment and that his father had heard gunshots outside of a mosque one day. Hamdani also offered into evidence a police report concerning the death of his uncle, who Hamdani speculates was killed by Sunni Muslims in July 1999. He further testified that since September 11, 2001, the tension between Sunni and Shi'a Muslims in the region has escalated, and he is afraid to return to Pakistan because the government does not adequately protect the Shi'a minority from violence and

-3-

harassment. In support of his testimony, Hamdani submitted news articles and a State Department report discussing the discontent between the two Muslim sects in Pakistan.

The IJ found that Hamdani was removable pursuant to 8 U.S.C. § 1182(a)(6)(A)(i) and that he was ineligible for asylum because he had failed to file an application for asylum within one year of his arrival in the United States. The IJ, drawing a distinction between persecution and mere harassment, also denied Hamdani's application for withholding of removal because Hamdani failed to show a clear probability that he would be persecuted if he returned to Pakistan. A.R. 43-44. The IJ then granted Hamdani's request for voluntary departure. The BIA subsequently adopted and affirmed the IJ's decision. Hamdani filed a petition for review of the BIA's decision with this court.

## II. DISCUSSION

### A. Standard of Review

We review the BIA's factual findings to determine if they are supported by substantial evidence. INS v. Elias-Zacharias, 502 U.S. 478, 481 (1992); Mikhael v. INS, 115 F.3d 299, 302 (5th Cir. 1997). "Under substantial evidence review, we may not reverse the BIA's factual determinations unless we find not only that the evidence supports a contrary conclusion, but that the evidence compels it." Chun v. INS, 40 F.3d 76, 78 (5th Cir. 1994) (emphasis in original). Thus, the petitioner must prove

-4-

that the evidence he presented was so compelling that no reasonable factfinder could reach a different conclusion. 8 U.S.C. § 1252(b)(4)(B) (2000) ("[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary . . . ."); Elias-Zacharias, 502 U.S. at 483-84; Chun, 40 F.3d at 78.

"We have authority to review only an order of the BIA, not the IJ, unless the IJ's decision has some impact on the BIA's decision." Mikhael, 115 F.3d at 302; see also Chun, 40 F.3d at 78. Here, because the BIA adopted and affirmed the IJ's decision, we must review the IJ's decision for substantial evidence. Id.

**B. Analysis**

Hamdani argues that the IJ erred by (1) applying an improper standard of proof in determining that he was not eligible for withholding of removal under 8 U.S.C. § 1231(b)(3)(A); (2) finding that he would not suffer persecution if he returned to Pakistan when substantial evidence did not support this finding; and (3) denying a continuance of his withholding of removal case pending a decision on his labor certification application in violation of his due process rights.[3]

To establish eligibility for withholding of removal under 8 U.S.C. § 1231(b)(3)(A), an alien must demonstrate that he would

---

[3] Hamdani does not challenge the BIA's finding that he is ineligible for asylum.

face a "clear probability" of persecution on account of his "race, religion, nationality, membership in a particular social group, or political opinion" if removed. 8 U.S.C. § 1231(b)(3)(A); see also Zhu v. Ashcroft, 382 F.3d 521, 528 n.6 (5th Cir. 2004) (citing Mikhael, 115 F.3d at 306). Meeting the clear probability standard of proof "is equivalent to a showing that it is more likely than not that the alien would be subject to persecution on one of the specified grounds." Bahramnia v. INS, 782 F.2d 1243, 1247 (5th Cir. 1986) (quoting INS v. Stevic, 467 U.S. 407, 429-30 (1984)).

In this case, the IJ found that, while the evidence submitted did reflect that tension exists between Sunni and Shi'a Muslims in Pakistan, Hamdani did not present "enough evidence to show that [Hamdani] would suffer persecution if he returned to Pakistan." A.R. 43. Hamdani contends that the IJ's use of the word "would" in this context indicates that the IJ held Hamdani to a higher standard of proof than the clear probability standard. However, a further reading of the transcript of the IJ's oral decision demonstrates that the IJ did apply the appropriate clear probability standard in assessing the evidence that Hamdani presented:

> There is not evidence to show that it is more likely than not that he would suffer persecution based on the evidence presented by [Hamdani]. . . . There is insufficient evidence to show that [Hamdani] has suffered persecution or that he has a well-founded fear of persecution or that his life or freedom would be endangered. . . . The record contains merely

[Hamdani's] own unsubstantiated and conclusionary statements in support of his persecution claim. . . . [Hamdani] has failed to satisfy the clear probability standard of withholding of removal.

A.R. 43-44. Thus, Hamdani's argument that the IJ applied an improper standard of proof is without merit.

Moreover, the IJ's finding that Hamdani is not likely to suffer persecution upon his return to Pakistan is supported by substantial evidence. See Mikhael, 115 F.3d at 306. The only evidence that Hamdani presented consisted of his testimony that he had been beaten twice by Sunni Muslims while trying to attend college, a police report indicating that Hamdani's uncle had been killed in Pakistan by unknown persons (who Hamdani speculates were Sunni Muslims), and news articles documenting tension that exists between Sunni and Shi'a Muslims living in Pakistan. While this evidence is sufficient to show that Hamdani has suffered intimidation and harassment in Pakistan in the past, it is not sufficient enough to compel a factfinder to conclude that Hamdani will more likely than not be subjected to treatment that rises to the level of persecution if he returns to Pakistan. See Eduard v. Ashcroft, 379 F.3d 182, 187-88 (5th Cir. 2004) (holding that Christians who had been beaten, struck in the head with rocks while on their way to church, and otherwise taunted based on their religion had neither experienced persecution nor proven that future persecution was likely if they returned to Indonesia); see also Nagoulko v. INS, 333 F.3d 1012, 1016 (9th

Cir. 2003) (noting that persecution is "an extreme concept that does not include every sort of treatment our society regards as offensive").

Finally, Hamdani has failed to exhaust his remedies with regard to his contention that the IJ violated his due process rights by denying a continuance of the withholding of removal proceeding pending a decision on Hamdani's labor certification application. Hamdani did not raise this argument before the BIA; he raises it for the first time before this court. Because Hamdani did not raise this issue in his appeal to the BIA, this court has no jurisdiction to consider the issue in reviewing the order of removal. 8 U.S.C. § 1252(d)(1) (2000); Wang v. Ashcroft, 260 F.3d 448, 453-54 (5th Cir. 2001) ("An alien fails to exhaust his administrative remedies with respect to an issue when the issue is not raised in the first instance before the BIA . . . .").

## III. CONCLUSION

For the foregoing reasons, the decision of the BIA is AFFIRMED.