United States Court of Appeals
Fifth Circuit

**F I L E D**

November 22, 2006

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-61166
Summary Calendar

OLGA MARITZA SABILLON-ABRIGO,

Petitioner,

versus

ALBERTO R. GONZALES, U.S. ATTORNEY GENERAL,

Respondent.

--------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A28 320 041
--------------------

Before DeMOSS, STEWART, and PRADO, Circuit Judges.

PER CURIAM:[*]

Olga Maritza Sabillon-Abrigo (Sabillon) petitions for review of the Board of Immigration Appeals' (BIA's) affirmance of the denial of her motion to reopen deportation proceedings. Sabillon failed to exhaust her argument that she was improperly barred from adjustment of status when there were no penalties relevant to adjustment of status in effect at the time of her deportation order and she was not served with an I-205 warrant or deportation order. Therefore, we lack jurisdiction to consider it. 8 U.S.C.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

§ 1252(d)(1); Wang v. Ashcroft, 260 F.3d 448, 452-53 (5th Cir. 2001).

Sabillon additionally argues that she was wrongfully denied adjustment of status because more than 10 years had passed between her overstay of voluntary departure and the filing of her application for adjustment of status. We do not address this claim because we hold that the BIA did not abuse its discretion in denying her motion to reopen as untimely. See Pritchett v. INS, 993 F.2d 80, 83 (5th Cir. 1993). The BIA's finding that Sabillon was not ordered deported in absentia is supported by substantial evidence. See Mikhael v. INS, 115 F.3d 299, 302 (5th Cir. 1997). Sabillon therefore cannot seek to reopen her deportation proceedings "at any time" on the basis that she received inadequate notice. See 8 C.F.R. § 1003.23(b)(4)(ii). She was thus required to file her motion to reopen within the prescribed limitations period, i.e., on or before September 30, 1996. See id. § 1003.23(b)(1). As she did not, the BIA's determination that her motion was untimely was not an abuse of discretion.

PETITION DENIED.