# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 31, 2008

Charles R. Fulbruge III
Clerk

No. 07-60956
Summary Calendar

KANWALJIT SINGH,

Petitioner,

v.

MICHAEL B. MUKASEY, U.S. Attorney General,

Respondent.

Petition for Review of an Order of
the Board of Immigration Appeals
No. A78 358 503

Before SMITH, STEWART, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Through counsel, Kanwaljit Singh petitions for review of the decision of
the Board of Immigration Appeals ("BIA") affirming the denial of his motion to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

reopen the April 14, 2005, administrative order granting him voluntary departure within 120 days and the BIA's dismissal of his motions to remand for lack of jurisdiction. He argues that the BIA and immigration judge ("IJ") arbitrarily determined that the order became final on the date of the decision. He contends that because the record does not show that he waived the right to appeal that decision, the decision did not become final until May 14, 2005, after the expiration of the thirty-day appeal period. He reasons that his motion to reopen was timely filed within ninety days of that date, on August 12, 2005.

Singh has not shown that the BIA or IJ abused discretion in denying the motion to reopen as untimely. Under 8 C.F.R. § 1240.26(b)(1)(i)(D), for Singh to be eligible for voluntary departure, he was required, inter alia, to waive his right to appeal. The administrative order includes a notation indicating that he waived his right to appeal the administrative order. Therefore, that order became final on the date it was issued, April 14, 2005. See 8 C.F.R. § 1003.39 (stating that a decision is final on waiver of appeal or expiration of thirty-day appeal period). The motion to reopen was not filed until August 12, 2005, after the expiration of the ninety-day time period on July 13, 2005. 8 C.F.R. § 1003.2(c)(2) (providing that motion to reopen must be filed within ninety days of final administrative decision). Singh also has not shown that the BIA or IJ abused discretion in refusing to reopen the proceeding sua sponte based on exceptional circumstances under 8 C.F.R. § 1003.2(a). Therefore, there was no abuse of discretion in denying the motion as untimely. See Panjwani v. Gonzales, 401 F.3d 626, 632 (5th Cir. 2005).

Singh has not established that the BIA abused its discretion in determining, in the alternative, that his motion to reopen should be denied because he was no longer eligible for adjustment of status. Singh did not voluntarily depart within the 120-day period as order by the IJ. Further, there is no statutory authority for the "automatic tolling of the voluntary departure period during the pendency of the motion to reopen." Dada v. Mukasey, 128 S. Ct. 2307, 2319

(2008). Therefore, because Singh did not voluntarily depart within 120 days as ordered by the IJ, and his motion to reopen did not toll the voluntary departure period, he is barred from obtaining adjustment of status for a period of ten years under 8 U.S.C. § 1229c(d)(1).

Singh argues that the BIA abused its discretion in denying his motions to remand. Because the initial motion to reopen was not granted, the BIA had no jurisdiction to consider the motions to remand, which were in substance motions to reopen and which were filed after the expiration of the ninety-day period in 8 C.F.R. § 1003.2(c). See Wang v. Ashcroft, 260 F.3d 448, 451 (5th Cir. 2001). Further, the BIA did not err in finding that the motions to remand were unrelated to Singh's initial motion to reopen, which alleged there was an unspecified error concerning his eligibility for adjustment of status; the motions to remand sought to reopen the proceedings for adjustment of status as either a battered spouse or a widower of a United States citizen. Therefore, Singh has not shown that the BIA abused its discretion in dismissing his motions to remand for lack of jurisdiction. See Panjwani v. Gonzales, 401 F.3d 626, 632 (5th Cir. 2005).

PETITION DENIED.