# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-60820
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 23, 2016

Lyle W. Cayce
Clerk

MIHAIL CALOS; LIUDMILA SOLOMITAKAIA,

Petitioners

v.

LORETTA LYNCH, U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A200 853 286
BIA No. A200 853 287

Before REAVLEY, SMITH, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Mihail Calos and his wife Liudmila Solomitakaia, natives of the Soviet Union and citizens of Moldova, seek review of the Board of Immigration Appeals' (BIA) order dismissing their appeal of the Immigration Judge's (IJ) decision denying Calos's requests for asylum, withholding of removal, and relief under the Convention Against Torture (CAT).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-60820

Calos did not raise his CAT claim in his appellate brief before the BIA. Thus, the claim is unexhausted, and we lack jurisdiction to consider Calos's claim for protection under the CAT. *See* 8 U.S.C. § 1252(d)(1); *Wang v. Ashcroft*, 260 F.3d 448, 452 (5th Cir. 2001).

The BIA and the IJ may "rely on *any* inconsistency or omission in making an adverse credibility determination as long as the totality of the circumstances establishes that an asylum applicant is not credible." *Wang v. Holder*, 569 F.3d 531, 538 (5th Cir. 2009) (internal quotation marks and citation omitted) (emphasis in original). The inconsistency need not go to the heart of the case. *Id.* at 537. A credibility finding is a finding of fact that is reviewed for substantial evidence. *Id.* at 538-39. Therefore, we will defer to a credibility ruling "unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Id.* at 538 (internal quotation marks and citation omitted).

Calos has not demonstrated that the record as a whole compels a conclusion that the adverse credibility finding was erroneous. *See id.* He points to no testimony or other evidence that would compel a reversal of the agency's determination that the implausibility of his claims of past persecution and his fear of future persecution on account of his Roma ethnicity or political opinion was fatal to his claim. *See* 8 U.S.C. § 1158(b)(1)(B)(iii) (in making credibility determination, trier of fact to consider, among other things, the inherent plausibility of the applicant's account). Given the adverse credibility ruling, Calos did not demonstrate that he was entitled to asylum or statutory withholding of removal. *See Chun v. I.N.S.*, 40 F.3d 76, 79 (5th Cir. 1994).

Because the credibility determinations of the IJ and BIA withstand review, the decision to deny Calos and his wife relief is supported by substantial evidence. *See Zhang v. Gonzales*, 432 F.3d 339, 344-45 (5th Cir.

No. 14-60820

2005). Therefore, it is unnecessary to address the agency's alternative findings concerning failure to establish past persecution or a well-founded fear of future persecution.

PETITION DENIED IN PART AND DISMISSED IN PART.