# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
January 15, 2021

Lyle W. Cayce
Clerk

No. 20-60458
Summary Calendar

---

Dinabel Elizabeth Gomez-Lara,

*Petitioner*,

*versus*

Jeffrey A. Rosen, *Acting U.S. Attorney General*,

*Respondent*.

---

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A206 695 997

---

Before Barksdale, Southwick, and Graves, *Circuit Judges*.

Per Curiam:*

Dinabael Elizabeth Gomez-Lara, a native and citizen of Honduras, petitions for review of the Board of Immigration Appeals' (BIA) dismissing her appeal from an immigration judge's (IJ) denying asylum, withholding of removal, and relief under the Convention Against Torture (CAT).

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

In reviewing the BIA's decision, the IJ's underlying decision is considered only to the extent the BIA adopted it. *See Mikhael v. I.N.S.*, 115 F.3d 299, 302 (5th Cir. 1997). The BIA's legal conclusions are reviewed *de novo*, *Siwe v. Holder*, 742 F.3d 603, 607 (5th Cir. 2014); its factual findings, for substantial evidence. *Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006).

Asylum is discretionary, and is granted for aliens refusing to return to their country based on persecution or a well-founded fear of persecution on account of "race, religion, nationality, membership in a particular social group, or political opinion". *Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005). For withholding of removal, an applicant must show "it is more likely than not" her life or freedom would be threatened by persecution based upon one of the five listed categories—a higher bar than the required showing for a successful asylum claim. *See* 8 C.F.R. § 208.16(b)(1).

Gomez presents two grounds for granting asylum or withholding of removal: her persecution for being a member of a particular social group, which she asserts is "women in Honduras"; and her family and kinship ties. Each ground fails.

In claiming the BIA erred by failing to recognize the particular social group of "women in Honduras", Gomez fails to show error in the IJ's finding the purported group lacks the requisite particularity. *Orellana-Monson v. Holder*, 685 F.3d 511, 521–22 (5th Cir. 2012).

For her second ground, Gomez asserts she was persecuted because she was beaten and raped on account of her kinship ties. This assertion stems from the mistaken belief of the Honduran man who raped Gomez in retaliation for an alleged murder. Because Gomez did not raise this claim before the BIA, she failed to exhaust it. Accordingly, we lack jurisdiction to address the claim. *Wang v. Ashcroft*, 260 F.3d 448, 452–53 (5th Cir. 2001).

Along the same lines, to the extent Gomez asserts a revised purported social group of "a woman of Honduras who has suffered sexual abuse by rape", the issue is unexhausted and cannot be considered.

In support of her challenge to the denial of CAT relief, Gomez contends: if she returns to Honduras, the pattern of retribution to avenge the alleged murder will continue; and her experience shows the police are not able or willing to protect her. To obtain CAT relief, however, an alien must show it is more likely than not she would be tortured if removed to the proposed country, and its government would instigate or consent to it. *Ramirez-Mejia v. Lynch*, 794 F.3d 485, 493 (5th Cir. 2015).

"[P]otential instances of violence committed by non-governmental actors against citizens, together with speculation that the police might not prevent that violence, are generally insufficient to prove government acquiescence". *Garcia v. Holder*, 756 F.3d 885, 892 (5th Cir. 2014). Further, "neither the failure to apprehend the persons threatening the alien, nor the lack of financial resources to eradicate the threat or risk of torture constitute sufficient state action for purposes of the [CAT]". *Tamara-Gomez v. Gonzales*, 447 F.3d 343, 351 (5th Cir. 2006). In the conclusory two sentences in her brief concerning the denial of CAT relief, Gomez has not shown, *inter alia*, the evidence compels the conclusion it is more likely than not she would be tortured if removed to Honduras. *See Ramirez-Mejia*, 794 F.3d at 493.

DISMISSED in part and DENIED in part.