# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

February 10, 2021

Lyle W. Cayce
Clerk

No. 19-60611
Summary Calendar

Tranquilino Matias-Matias,

*Petitioner*,

*versus*

William P. Barr, *U.S. Attorney General*,

*Respondent*.

---

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A205 289 564

---

Before Davis, Stewart, and Dennis, *Circuit Judges*.

Per Curiam:*

Tranquilino Matias-Matias, a native and citizen of Guatemala, petitions this court to review the decision of the Board of Immigration Appeals (BIA) dismissing his appeal of the Immigration Judge's (IJ) denial of his application for withholding of removal.   Matias-Matias sought

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

withholding of removal on account of his membership in a particular social group (PSG), which he identified as "Guatemalan men who fear violence and delinquency in their home country."

We review factual findings under the substantial evidence standard and legal questions de novo, giving deference to the BIA's interpretation of any ambiguous immigration statutes. *Orellana-Monson v. Holder*, 685 F.3d 511, 517-18 (5th Cir. 2012). Under the substantial evidence standard, we may not reverse the BIA's factual findings unless "the evidence was so compelling that no reasonable factfinder could conclude against it." *Wang v. Holder*, 569 F.3d 531, 537 (5th Cir. 2009).

Here, the evidence does not compel a finding that Matias-Matias's proposed PSG—"Guatemalan men who fear violence and delinquency in their home country"—is a cognizable PSG. We have declined to recognize as PSGs various permutations of groups of individuals who are subjected to gang violence based on their refusal to join gangs or accede to their demands or groups that are overly broad and encompass a wide cross-section of a country's population. *See Orellana-Monson,* 685 F.3d at 521-22; *Gonzales-Veliz v. Barr*, 938 F.3d 219, 232 (5th Cir. 2019). Additionally, Matias-Matias now raises several more proposed PSGs for this court to consider, which include "young man protecting himself from the persecution that non-government actors like criminal organizations exert over the Guatemalan society," "low income, young Guatemalan male," "Guatemalan male victim of the imminent and menacing threats of the criminal organizations who harmed him[,] and continued with the threatening activity against him, even after he fled for safety to the United States," and "Guatemalan males [sic] victims of violence the government of Guatemala is unable or unwilling to control." Because he did not exhaust his administrative remedies as to those claims, we lack jurisdiction to review them, and the petition will be dismissed

No. 19-60611

as to those claims. *See Omari v. Holder*, 562 F.3d 314, 318-19, 321-23 (5th Cir. 2009); *Wang v. Ashcroft*, 260 F.3d 448, 452-53 (5th Cir. 2001).

Accordingly, the BIA did not err in concluding that the petitioner failed to establish a cognizable PSG. For the foregoing reasons, the Petition for Review is DENIED.