# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 9, 2021

Lyle W. Cayce
Clerk

No. 19-60664
Summary Calendar

Pritpal Singh,

*Petitioner,*

*versus*

Robert M. Wilkinson, *Acting U.S. Attorney General,*

*Respondent.*

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A200 240 824

Before Wiener, Southwick, and Duncan, *Circuit Judges.*

Per Curiam:*

Pritpal Singh, a native and citizen of India, petitions for review of an order by the Board of Immigration Appeals (BIA) dismissing his appeal from the denial of his application for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). He challenges the BIA's

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

decision that he lacked credibility and its failure to address whether he was entitled to asylum, withholding of removal, or protection under the CAT. To the extent that he claims that the immigration judge relied too heavily on the credible fear report in determining that he lacked credibility, this claim is unexhausted and therefore we lack jurisdiction to address it. *See Wang v. Ashcroft*, 260 F.3d 448, 452-53 (5th Cir. 2001).

We review the BIA's decision and consider the immigration judge's decision only to the extent it influenced the BIA. *Singh v. Sessions*, 880 F.3d 220, 224 (5th Cir. 2018). Factual findings, including an adverse credibility determination, are reviewed for substantial evidence. *Avelar-Oliva v. Barr*, 954 F.3d 757, 763 (5th Cir. 2020).

Despite Singh's assertions to the contrary, the immigration judge's determination was supported by specific reasons based on the evidence presented and was, under the totality of the circumstances, substantially reasonable. *See Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005). Because the adverse credibility determination was supported by "specific and cogent reasons," the record does not compel a finding that Singh was credible or that no reasonable factfinder could have made an adverse credibility finding. *See id.*; *Singh v. Sessions*, 880 F.3d 220, 225 (5th Cir. 2018). Accordingly, the lack of credible evidence precluded Singh from meeting his burden of proof for asylum, withholding of removal, and protection under the CAT. *See Dayo v. Holder*, 687 F.3d 653, 658-59 (5th Cir. 2012).

For the foregoing reasons, the petition for review is DENIED in part and DISMISSED in part.