# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
July 26, 2021

Lyle W. Cayce
Clerk

No. 20-60368
Summary Calendar

Sukhmaan Singh, *also known as* Sukhmaan Thappa,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A208 191 787

Before Barksdale, Willett, and Duncan, *Circuit Judges*.

Per Curiam:*

Sukhmaan Singh, a native and citizen of India, petitions for review of the Board of Immigration Appeals' (BIA) dismissing his appeal from an order of an Immigration Judge (IJ) denying: his applications for asylum; withholding of removal; and relief under the Convention Against Torture

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

(CAT). Singh contends the BIA: erred in affirming the IJ's adverse credibility determination; failed to address documentary evidence corroborating his statements; and ignored the effects of his post-traumatic stress disorder (PTSD) on his testimony. His claims fail.

For the BIA's decision, and that of the IJ insofar as it influenced the BIA, *Wang v. Holder*, 569 F.3d 531, 536 (5th Cir. 2009), legal conclusions are reviewed *de novo*; factual findings, for substantial evidence. *E.g.*, *Iruegas-Valdez v. Yates*, 846 F.3d 806, 810 (5th Cir. 2017). Under the substantial-evidence standard, petitioner has the burden of showing "the evidence [is] so compelling that no reasonable factfinder could conclude against it". *Wang*, 569 F.3d at 537.

An adverse credibility determination is a factual finding. *Singh v. Sessions*, 880 F.3d 220, 225 (5th Cir. 2018). In that regard, "if the IJ's credibility determinations are supported by the record, they will be affirmed". *Wang*, 569 F.3d at 537. In making an adverse credibility determination, the IJ and the BIA "may rely on *any* inconsistency or omission . . . as long as the totality of the circumstances establishes that an asylum applicant is not credible". *Id.* at 538 (internal quotation marks and citation omitted) (emphasis in original).

The record does not compel the conclusion Singh was credible. The IJ's and BIA's adverse credibility determinations were based on discrepancies among Singh's testimony and supporting statements, which include, *inter alia*: whether Singh was a member or worker for the Mann party; whether he was alone when attacked; whether his mother witnessed the attack; and whether he suffered further harm. Singh's offering an alternative explanation for some of these inconsistencies is insufficient. *See Revencu v. Sessions*, 895 F.3d 396, 401 (5th Cir. 2018) ("The possibility of drawing two inconsistent conclusions from the evidence does not prevent an

administrative agency's finding from being supported by substantial evidence." (citation omitted)).

Singh maintains the IJ and BIA failed to consider documentary evidence (hospital records); but, he did not present this claim before the BIA. We therefore lack jurisdiction to consider the issue. *See Wang v. Ashcroft*, 260 F.3d 448, 452–53 (5th Cir. 2001).

Finally, his contention that the IJ and BIA ignored the potential effects of PTSD on his testimony is belied by the record. The BIA expressly concluded his PTSD diagnosis did not undermine the adverse credibility determination, noting Singh's testimony was coherent and, in any event, he did not explain which inconsistencies were caused by that condition. *Singh v. Sessions*, 880 F.3d 220, 225–26 (5th Cir. 2018) (upholding adverse-credibility determination because, *inter alia*, "there was no indication that [petitioner's] PTSD affected his testimony or ability to speak in a coherent and linear manner").

In the light of the adverse credibility determination, Singh has not shown the BIA erred in upholding the IJ's denial of his requested relief, including under CAT, assuming he properly presented that claim in his brief in this court. *See, e.g.*, *Dayo v. Holder*, 687 F.3d 653, 658 (5th Cir. 2012) ("[B]ecause the same lack of evidence [from petitioner's asylum and withholding of removal claims] means that [petitioner] cannot show he will be tortured, he is not entitled to relief under the CAT").

DISMISSED in part; DENIED in part.