# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
April 12, 2022

Lyle W. Cayce
Clerk

No. 20-60614
Summary Calendar

Esaquio Mateo-Juan,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

---

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A201 942 446

---

Before Davis, Jones, and Elrod, *Circuit Judges*.

Per Curiam:*

Esaquio Mateo-Juan, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals's (BIA) decision dismissing his appeal from the Immigration Judge's (IJ) order denying his application for cancellation of removal. We have previously granted summary denial of the

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-60614

petition, in part, as to his claim challenging the IJ's denial of a continuance. He has also challenged the BIA's factual findings and legal conclusions, arguing that the BIA did not consider and appropriately weigh relevant factors in its determination that he failed to demonstrate that his removal would cause exceptional and extremely unusual hardship to his children. To the extent that he argues that the BIA failed to consider country conditions in Guatemala in determining that his removal would not cause exceptional and extremely unusual hardship to his children, he presented no argument on country conditions to the BIA, and the argument is therefore unexhausted. *See Wang v. Ashcroft*, 260 F.3d 448, 452-53 (5th Cir. 2001).

Despite Mateo-Juan's assertions to the contrary, the BIA considered his wife's medical conditions and the family's financial situation. The BIA found that Mateo-Juan failed to present sufficient evidence showing that his wife's medical conditions were unmanaged, that she was unable to find some type of work, and that his family would not be able to find a place to live if he was removed. He points to no evidence that would compel a contrary conclusion. *See Guerrero Trejo*, 3 F.4th at 774-75.

Moreover, Mateo-Juan does not establish that the consequences of his removal are "'substantially beyond the ordinary hardship that would be expected when a close family member leaves this country.'" *Guerrero Trejo v. Garland*, 3 F.4th 760, 775 (5th Cir. 2021) (quoting *In re Monreal-Aguinaga*, 23 I & N. Dec. 56, 62 (BIA 2001). Thus, substantial evidence supports the determination that Mateo-Juan was ineligible for cancellation of removal. *See Guerrero Trejo*, 3 F.4th at 775.

Accordingly, the petition for review is DISMISSED in part and DENIED in part. The Government's motion to dismiss is also DENIED.