# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

May 5, 2022

Lyle W. Cayce
Clerk

No. 21-60368
Summary Calendar

Rodolfo Mendez Martinez,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A072 813 873

Before King, Costa, and Ho, *Circuit Judges.*

Per Curiam:*

Rodolfo Mendez Martinez, a native and citizen of Mexico, petitions for review of the decision of the Board of Immigration Appeals (BIA) dismissing his appeal from the denial of his application for cancellation of

---

*Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

removal. Mendez Martinez contends that the BIA erred in determining that he failed to demonstrate that his removal would cause exceptional and extremely unusual hardship to his youngest child and his parents. Although he also argues that the immigration judge (IJ) committed legal error by including speculative substitutions for evidence, this claim is unexhausted, and therefore we lack jurisdiction to address it. *See Wang v. Ashcroft*, 260 F.3d 448, 452-53 (5th Cir. 2001).

We review the BIA's decision and consider the IJ's decision only to the extent it influenced the BIA. *Singh v. Sessions*, 880 F.3d 220, 224 (5th Cir. 2018). Factual findings are reviewed for substantial evidence and legal determinations are reviewed de novo. *Guerrero Trejo v. Garland*, 3 F.4th 760, 774 (5th Cir. 2021).

Cancellation of removal is available to applicants who have been continuously present in the United States for 10 or more years prior to filing an application, who can establish good moral character during that time, who have no disqualifying convictions, and whose spouse, children, or parent would suffer exceptional and extremely unusual hardship if the applicant were removed. 8 U.S.C. § 1229b(b)(1).

Despite his assertions to the contrary, the consequences facing his qualifying relatives if he were removed are not "'substantially' beyond the ordinary hardship that would be expected when a close family member leaves this country." *Guerrero Trejo*, 3 F.4th at 775 (quoting *In Re Monreal-Aguinaga*, 23 I. & N. Dec. 56, 62 (BIA 2001)). Moreover, his claim that the BIA failed to adequately address the hardship factors is belied by the record because before determining that he was ineligible for cancellation of removal, the IJ, whose decision the BIA adopted, explicitly considered his testimony that his entire family, except for one uncle, lives in the United States, his employment and earning opportunities in Mexico would be limited, his

No. 21-60368

family would suffer emotional hardship, and his youngest son has had difficulties in high school and had to repeat two years. Their decisions reflect "meaningful consideration of all the relevant evidence." *Cabrera v. Sessions*, 890 F.3d 153, 162 (5th Cir. 2018). Because the record does not compel a finding that his qualifying relatives would suffer exceptional and extremely unusual hardship if he were removed, substantial evidence supports the determination that Mendez Martinez was ineligible for cancellation of removal. *See Guerrero Trejo*, 3 F.4th at 774.

Accordingly, the petition for review is DENIED in part and DISMISSED in part.