**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**August 28, 2006**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-60781
Summary Calendar

SOHAIL MOHAMMAD ALI; LAILA ALI; ALIZE ALI; KAREN ALI,

                                        Petitioners,

versus

ALBERTO R. GONZALES, U.S. ATTORNEY GENERAL,

                                        Respondent.

--------------------
Petition for Review of Orders of the
Board of Immigration Appeals
BIA No. A79 556 670
BIA No. A79 556 671
BIA No. A79 556 672
BIA No. A79 556 673
--------------------

Before SMITH, WEINER, and OWEN, Circuit Judges.

PER CURIAM:[*]

    In this consolidated petition, Sohail Mohammad Ali, his wife,
Laila Ali, and their children, Alize Ali and Karen Ali, seek review
of orders of the Board of Immigration Appeals (BIA).  The BIA
affirmed the decision of the immigration judge (IJ) that ordered
the Alis removed from the United States despite the fact that a
labor certification filed for Sohail was pending.  The BIA also
denied two motions to reopen filed by the Alis.

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Challenging the order of removal, the Alis argue that their notices to appear (NTAs) were legally insufficient because the NTAs did not specify a time for their hearing. Because the Alis failed to pursue their argument regarding defects in the NTAs before the BIA, this court lacks jurisdiction to consider the issue. See Wang v. Ashcroft, 260 F.3d 448, 453 (5th Cir. 2001). Accordingly, this portion of the petition is dismissed for lack of jurisdiction.

The Alis contend that the BIA abused its discretion in denying their first motion to reopen. They argue that, as of July 21, 2003, Sohail was eligible to adjust his status because he was on that date named the substitute beneficiary of a labor certification application that had been approved on January 25, 2000.

Because Sohail was not the beneficiary of the labor certification application in question on or before April 30, 2001, he was not a "grandfathered alien" and hence was not eligible to adjust his status based on the labor certification application of which he was named the substitute beneficiary. See 8 C.F.R. § 245.10(j). The Alis have not shown that the BIA abused its discretion in denying their first motion to reopen. See id.; Pritchett v. INS, 993 F.2d 80, 83 (5th Cir. 1993).

The Alis likewise have not shown that the BIA's denial of their second motion to reopen, which was based on their failure to voluntarily depart the United States within the period set by the BIA, was an abuse of discretion. See 8 U.S.C. § 1229c(d). Because the BIA conditioned its grant of voluntary departure on compliance

with statutory law, the Alis have not shown that the order of voluntary departure was invalid because the IJ failed to require a bond. See 8 U.S.C. § 1229c(b)(3). The Alis' motion to reopen did not automatically toll their voluntary departure period during its pendency. See Banda-Ortiz v. Gonzales, 445 F.3d 387, 389-90 (5th Cir. 2006).

PETITION FOR REVIEW DISMISSED IN PART FOR LACK OF JURISDICTION; DENIED IN PART.