United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 21, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-61018
Summary Calendar

MUHAMMAD SARFRAZ,

                                        Petitioner,

versus

ALBERTO R. GONZALES, U.S. ATTORNEY GENERAL,

                                        Respondent.

--------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A78 996 482
--------------------

Before KING, HIGGINBOTHAM, and GARZA, Circuit Judges.

PER CURIAM:[*]

Muhammad Sarfraz, a native and citizen of Pakistan, petitions for review of an order from the Board of Immigration Appeals (BIA) denying his motion to reconsider.

Sarfraz argues that (1) the immigration judge (IJ) abused her discretion in denying his motion for a continuance while his labor certification was being adjudicated; (2) the National Security Entry/Exit Registration System (NSEERS) program was unconstitutional, and evidence concerning his removability that was obtained pursuant to his registration under the NSEERS

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

program should have been excluded from his removal proceedings because it was unconstitutionally obtained from him; and (3) the BIA abused its discretion in denying a claim concerning Sarfraz's use of his mother's labor certification for adjustment of status that it had construed as a motion to reopen. The BIA declined to consider arguments similar to Sarfraz's first two arguments in its denial of Sarfraz's motion to reconsider because it already had considered the arguments in its affirmance of the IJ's decision, and the BIA denied the third argument on the merits. Sarfraz does not address any of the BIA's stated reasons for denying these claims. Accordingly, he has abandoned any challenge to the BIA's decision. See Al-Ra'id v. Ingle, 69 F.3d 28, 33 (5th Cir. 1995).

Sarfraz also argues for the first time in his petition for review that his due process rights were violated when the IJ determined that he was eligible for voluntary departure and that his case was unfairly treated differently than his brother's case. He also contends that he is entitled to reopen his case because of his marriage to a United States citizen and because of the approval of his I-140 application after the BIA denied his motion to reconsider. However, because Sarfraz did not exhaust his administrative remedies concerning these issues by first raising them before the BIA, this court lacks jurisdiction to consider them. See Wang v. Ashcroft, 260 F.3d 448, 452 (5th Cir. 2001).

Sarfraz's petition for review is DENIED.  The Government's motions for summary affirmance and for dismissal of the case are DENIED as moot.