# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 9, 2007

Charles R. Fulbruge III
Clerk

No. 06-60628
Summary Calendar

TELEOLA CHRISTINA MAJORS

Petitioner

V.

PETER D. KEISLER, ACTING U S ATTORNEY GENERAL

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A41 387 089

Before KING, DAVIS, and CLEMENT, Circuit Judges
PER CURIAM:[*]

Teleola Christiana Majors petitions this court for review of the decision of the Board of Immigration Appeals (BIA) concluding that Majors is statutorily ineligible for a hardship waiver under the Immigration and Nationality Act, § 216(a), 8 U.S.C. § 1186a(c)(4) (§ 1186a).

Pursuant to § 1186a(c)(1), (d)(2)(A), an individual seeking conditional permanent resident status through marriage must (1) file a joint petition with her spouse during the 90-day period preceding the second anniversary of the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

alien's permanent resident status, and (2) undergo a joint interview. An alien who "fails to meet" these procedural requirements may seek a waiver on one of the following grounds: (1) an extreme hardship resulting from the alien's deportation, (2) a good-faith marriage entered by the alien that was terminated (other than through the spouse's death), and the alien was not at fault for failing to meet the procedural requirements of § 1186a(c)(1), or (3) the alien entered the marriage in good faith but was battered by the spouse, and the alien was not at fault in failing to meet the procedural requirements. § 1186a(c)(4)(A)-(C).

The BIA concluded that Majors met the requirements of §1186a(c)(4)(A)-(C) because she filed a joint petition with her spouse and joint petitioner and submitted to a joint interview. The joint petition was denied on the merits while Majors was married to her husband. The BIA's determination that Majors was statutorily ineligible for a hardship waiver is consistent with the plain language of § 1186a(c)(4)(A)-(C).

This court will not consider Majors's argument that her joint petition was filed after the expiration of the two year period of conditional residency provided in §1186a(d)(2)(A), and that the Government therefore denied her due process by adjudicating a joint petition over which it had no jurisdiction, because Majors did not raise this argument to the BIA. See Wang v. Ashcroft, 260 F.3d 448, 452 (5th Cir. 2001) (concluding that the failure to exhaust an issue creates a jurisdictional bar as to that issue).

Accordingly, Majors's petition for review is DENIED.