**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 20, 2009

Charles R. Fulbruge III
Clerk

No. 08-60419
Summary Calendar

SHI CHANG XING

Petitioner

v.

ERIC H HOLDER JR, U S ATTORNEY GENERAL

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A72 797 615

Before SMITH, DeMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Shi Chang Xing petitions this court to review the order of the Board of Immigration Appeals (BIA) affirming the immigration judge's determination that he is excludable and the denial of his application for asylum. Xing first asserts that the immigration judge erred by refusing to revisit the charge that he is excludable on grounds that he committed fraud in entering the United States. Xing asserts that the immigration judge should have reconsidered the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

finding of fraud because he received ineffective assistance of counsel from his then-attorney, Robert E. Porges, who subsequently was convicted on charges related to alien smuggling. Because Xing did not raise the instant issue before the BIA, we lack jurisdiction to consider it. *See* 8 U.S.C. § 1252(d)(1); *Wang v. Ashcroft*, 260 F.3d 448, 452-53 (5th Cir. 2001).

Xing also challenges the BIA's denial of asylum on grounds that he failed to establish a well-founded fear of persecution. Because the immigration judge's decision affected the BIA's decision, we review both. *See Zhu v. Gonzales*, 493 F.3d 588, 593-94 (5th Cir. 2007). Xing asserts that he has an objective fear of being sterilized by the Chinese government because he has three children who were born while he was in the United States. He cites letters in the record from his family members and a neighbor who claim to have been forcibly sterilized after they violated China's one-child rule. The immigration judge denied asylum because he found that Xing was not credible.

The record does not compel a contrary conclusion. Xing admitted that he made multiple misrepresentations and filed false applications to obtain government benefits, including the attachment of a false letter to an application for alien employment certification. In addition, the State Department's 2004 Profile of Asylum Claims and Country Conditions for China indicates that, although Chinese citizens with U.S.-born children "receive[] no special treatment under family planning laws," the sanctions imposed do not include forced sterilization. The report notes that "U.S. diplomats in China are not aware of any cases in which returnees from the United States were forced to undergo sterilization procedures on their return." Accordingly, we affirm the adverse credibility determination and the denial of Xing's asylum claim. *See Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006); *Mwembie v. Gonzales*, 443 F.3d 405, 410 (5th Cir. 2006).

The petition for review is DENIED.