**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 10, 2009

Charles R. Fulbruge III
Clerk

No. 08-60900
Summary Calendar

FARO ZARIC

Petitioner

v.

ERIC H HOLDER, JR, U S ATTORNEY GENERAL

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A73 626 144

Before JOLLY, BENAVIDES, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Faro Zaric, a native of Yugoslavia, petitions this court for review of a final order of the Board of Immigration Appeals (BIA) denying his motion for reconsideration. Zaric, a Muslim of Albanian descent who evaded the draft in Yugoslavia, was granted asylum in December 1996. In February 2007, an immigration judge (IJ) determined that Zaric's status as an asylee should be terminated due to a fundamental change in circumstances. *See* 8 U.S.C.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

§ 1158(c)(2)(A); 8 C.F.R. § 208.24(f). The IJ also determined that Zaric was deportable under 8 U.S.C. § 1227(a)(2)(A)(i) because Zaric had committed a crime involving moral turpitude in April 2001, within five years after his admission to the United States, and he had been convicted of a crime for which a sentence of one year or longer may be imposed. The Board of Immigration Appeals (BIA) affirmed the IJ's decision.

Zaric then filed a motion for reconsideration with the BIA. He argued that circumstances had not changed since he was granted asylum and that ethnic conflict and violence still existed in Serbia and Montenegro. He also contended that he was not subject to removal under § 1227(a)(2)(A)(i) because he was convicted of the offense in January 2002, outside the five-year period. The BIA denied Zaric's motion for reconsideration. This petition followed.

Zaric, citing country reports regarding conditions in Serbia and Montenegro, argues that his status as an asylee should not have been terminated because country conditions have not changed. Our review, however, shows that the BIA's determination as to a fundamental change in circumstances was not without foundation in the evidence and was not an abuse of discretion. *See Lara v. Trominski*, 216 F.3d 487, 496 (5th Cir. 2000); *Osuchukwu v. INS*, 744 F.2d 1136, 1141 (5th Cir. 1984).

Zaric's opening brief also renews his argument that he was not subject to removal under § 1227(a)(2)(A)(i) because his conviction occurred outside the five-year period. In his reply brief, however, Zaric concedes the correctness of the respondent's position that the statute applies because the offense was committed within the five-year period. We decline to consider Zaric's argument that his offense was not a crime involving moral turpitude because it is raised for the first time in his reply brief. *See Cinel v. Connick*, 15 F.3d 1338, 1345 (5th Cir. 1994). We also do not consider the argument because the issue was not exhausted. *See Wang v. Ashcroft*, 260 F.3d 448, 452-53 (5th Cir. 2001).

Zaric's petition for review is DENIED.