**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 24, 2009

Charles R. Fulbruge III
Clerk

No. 08-60462
Summary Calendar

JOSE A AMAYA-ORELLANA,

Petitioner

v.

ERIC H HOLDER, JR, U S ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A94 025 945

Before REAVLEY, JOLLY, and OWEN, Circuit Judges.

PER CURIAM:[*]

Jose A. Amaya-Orellana (Amaya), a citizen and native of El Salvador, seeks review of the decision of the Board of Immigration Appeals (BIA) dismissing his appeal and denying his motion to remand the case to the immigration judge (IJ). Amaya has conceded that he is removable for having illegally entered the United States. He sought asylum, withholding of removal, cancellation of removal, and "special rule cancellation" under the Nicaraguan

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Adjustment and Central American Relief Act (NACARA). The IJ deemed Amaya's various claims for relief from removal to have been abandoned because Amaya's counsel failed to comply with the IJ's explicit orders to provide certain documentation and sworn declarations supporting Amaya's claims. The IJ offered Amaya the opportunity to file a timely motion for reconsideration, but Amaya did not do so.

On appeal to the BIA, where he was represented by new counsel, Amaya did not directly challenge the IJ's decision concerning the abandonment of his claims. Rather, he argued that prior counsel was ineffective for failing to comply with the IJ's order. The BIA concluded that Amaya had not satisfied the requirements of *In re Lozada*, 19 I. & N. Dec. 637, 639 (BIA 1988), necessary to establish a claim of ineffective counsel. The BIA further noted that Amaya had failed to show that he had been prejudiced by counsel's performance because he had failed to show any entitlement to relief from removal.

In this court, Amaya, through counsel, concedes that he is not eligible for cancellation of removal under NACARA, but he contends that the IJ improperly required him to present sworn evidence with regard to his claims for asylum and withholding of removal. He argues that the IJ should have allowed him to proceed with those claims, despite counsel's failure to provide the documentation and evidence required for the NACARA claim. Amaya did not raise this issue before the BIA. Therefore it is unexhausted, and this court lacks jurisdiction to consider it. *See Wang v. Ashcroft*, 260 F.3d 448, 452-53 (5th Cir. 2001); 8 U.S.C. § 1252(d)(1). In addition, Amaya has abandoned his claim of ineffective counsel by failing to brief it. *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003).

Amaya's petition for review is DISMISSED IN PART and DENIED IN PART.