# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 13, 2010

No. 09-60820
Summary Calendar

Lyle W. Cayce
Clerk

PABLO TIBURCIO MORALES PEREZ,

Petitioner

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A022 788 289

Before KING, BENAVIDES, and ELROD, Circuit Judges.

PER CURIAM:[*]

Pablo Tiburcio Morales Perez (Morales), a native and  citizen of Cuba, petitions this court to review the decision of the Board of Immigration Appeals (BIA) dismissing his appeal from an Immigration Judge's (IJ) denial of his application for asylum, withholding of removal, and relief under the Convention Against Torture.  Morales argues that his forced participation in the Mariel boatlift constitutes past persecution and contends that he was persecuted by Cuban authorities because of his political opinions and his status as a military

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

deserter.  He does not argue that he should have been granted withholding of removal or relief under the Convention Against Torture.

Morales did not argue to the IJ or the BIA that he was persecuted by being forced to leave Cuba in the Mariel boatlift.  As this issue is unexhausted, we lack jurisdiction to consider it.  *See Omari v. Holder*, 562 F.3d 314, 317-19 (5th Cir. 2009); *Wang v. Ashcroft*, 260 F.3d 448, 452-53 (5th Cir. 2001); 8 U.S.C. § 1252(d)(1).  Morales has abandoned any argument concerning the BIA's determination that he failed to demonstrate past persecution or a likelihood of future persecution by failing to brief the issue on appeal. *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003).

Accordingly, the petition for review is DISMISSED FOR LACK OF JURISDICTION IN PART and DENIED IN PART.