# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
April 5, 2011

Lyle W. Cayce
Clerk

No. 10-60222
Summary Calendar

LEONARDO ZUNIGA-CAPILLA,

Petitioner

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A091 192 634

Before JONES, Chief Judge, and JOLLY and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Leonardo Zuniga-Capilla, a native and citizen of Mexico, petitions this court for review of a Board of Immigration Appeals (BIA) order dismissing an appeal from an immigration judge's (IJ's) decision denying a request for a waiver of inadmissibility under section 212 of the Immigration and Nationality Act, 8 U.S.C. § 1182(c). Zuniga-Capilla argues that the standard of review that the IJ and the BIA used to determine his eligibility for § 212(c) relief was an improper interpretation of § 212(c) that was not entitled to deference under

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-60222

*Chevron USA, Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837 (1984). He asserts that the proper standard of review is clearly delineated in § 212(c) and that the standard used by the IJ and the BIA, i.e, the standard set forth in *Matter of Marin*, 16 I&N Dec. 581, 583-85 (BIA 1978), is an ultra vires amendment to the statute. He alternatively argues that, to the extent § 212(c) is ambiguous, the standard used by the IJ and the BIA is not a permissible construction of the statute.

An alien must exhaust all administrative remedies that are available as of right before this court may review a final order. *See Omari v. Holder*, 562 F.3d 314, 318 (5th Cir. 2009); 8 U.S.C. § 1252(a)(1), (d). "Petitioners fail to exhaust their administrative remedies as to an issue if they do not first raise the issue before the BIA, either on direct appeal or in a motion to reopen." *See Omari,* 562 F.3d at 318; *Wang v. Ashcroft*, 260 F.3d 448, 452-53 (5th Cir. 2001). "This exhaustion requirement applies to all issues for which an administrative remedy is available to a petitioner as of right." *Omari*, 562 F.3d at 318 (internal quotation marks and citation omitted).

Zuniga-Capilla did not assert in his direct appeal to the BIA that the standard that the IJ and the BIA employed to evaluate his request for relief was improper because it was either contrary to the clear language of § 212(c) or an impermissible construction of that statute. He did not file a motion to reopen or for reconsideration. Thus, Zuniga-Capilla did not properly exhaust the issue whether the IJ and the BIA used an erroneous standard of review to determine his eligibility for § 212(c) relief. This court therefore lacks jurisdiction to review the argument. *See Omari*, 562 F.3d at 320-21.

Zuniga-Capilla also argues that the BIA erred in affirming the IJ's denial of his request for § 212(c) relief. He specifically argues that the IJ did not give proper weight to the factors supporting a discretionary grant of § 212(c) relief and that the record therefore does not support the denial of relief.

No. 10-60222

Under 8 U.S.C. § 1252(a)(2)(B)(ii), we generally do not have jurisdiction to review any judgment regarding the granting or denying of discretionary relief, including relief under §212(c). While Zuniga-Capilla suggests that his appellate argument implicates questions of law over which we do have jurisdiction, *see* § 1252(a)(2)(D), he essentially challenges the weight that the IJ afforded specific discretionary factors in determining whether to grant relief and alleges that the BIA wrongly adopted the IJ's findings regarding the relative importance of these factors. Because the determination that § 212(c) relief is not warranted is not a question of law, we lack jurisdiction to review Zuniga-Capilla's challenge to the BIA's decision affirming the IJ's denial of his request for § 212(c) relief. *See Marquez-Marquez v. Gonzales*, 455 F.3d 548, 560-61 (5th Cir. 2006)

Accordingly, Zuniga-Capilla's petition for review is DISMISSED for lack of jurisdiction.