# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-60796
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
August 12, 2014

Lyle W. Cayce
Clerk

EDUARDO ESPINOSA VELASCO,

Petitioner

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A087 897 443

Before JOLLY, GRAVES, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Eduardo Espinosa Velasco, a native and citizen of Mexico, petitions for review of the decision of the Board of Immigration Appeals (BIA) affirming the immigration judge's (IJ's) order denying his application for withholding of removal. To be eligible for withholding of removal, an applicant must prove a "clear probability" of future persecution. *See Majd v. Gonzales*, 446 F.3d 590, 595 (5th Cir. 2006). "A clear probability means that it is more likely than not

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-60796

that the applicant's life or freedom would be threatened by persecution on account of either his race, religion, nationality, membership in a particular social group, or political opinion." *Roy v. Ashcroft*, 389 F.3d 132, 138 (5th Cir. 2004).

Before both the IJ and the BIA, Velasco identified the relevant group as: "law abiding individuals in the state of Puebla, Mexico, where people such as respondent are killed by the outlaws, including 'Zetas,' and where the government cannot or will not protect respondent." The IJ and the BIA determined that the identified group was not a particular social group for purposes of withholding of removal. Velasco does not challenge that determination but instead argues that the IJ mistakenly identified the relevant group as "wealthy people" when it should have identified the group as consisting of business or land owners.

Judicial review of a final removal order is available only where the alien has exhausted all administrative remedies of right. 8 U.S.C. § 1252(d)(1). Because the exhaustion requirement is statutorily mandated, an alien's failure to exhaust an issue before the BIA is a jurisdictional bar to this court's consideration of the issue. *Wang v. Ashcroft*, 260 F.3d 448, 452 (5th Cir. 2001). Velasco failed to exhaust his administrative remedies by failing to raise before the BIA the argument he raises in his petition for review. Velasco did not argue in the proceedings before the BIA that the particular social group to which he belonged consisted of business or land owners or that the IJ mistakenly identified the particular social group in which he claimed inclusion. Furthermore, Velasco has not asserted that his administrative remedies were inadequate. *See Omari v. Holder*, 562 F.3d 314, 323 (5th Cir. 2009).

Accordingly, the issues raised in Velasco's petition for review are unexhausted, and the petition is DISMISSED for lack of jurisdiction.