# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-60783
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
February 23, 2016

Lyle W. Cayce
Clerk

SUMAN KUMAR NATVARLAL PATEL,

Petitioner

v.

LORETTA LYNCH, U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A200 237 175

Before STEWART, Chief Judge, and DAVIS and GRAVES, Circuit Judges.

PER CURIAM:*

Suman Kumar Natvarlal Patel (Patel), a native and citizen of India, petitions this court for review of the order of the Board of Immigration Appeals (BIA) dismissing his appeal from the decision of the immigration judge (IJ) denying his applications for asylum, withholding of removal, and Convention Against Torture (CAT) relief. Because the BIA relied in part upon the IJ's

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

decision, this court reviews both the IJ's decision and the order of the BIA. *See Zhu v. Gonzales*, 493 F.3d 588, 593-94 (5th Cir. 2007).

Patel argues that the BIA erred in determining that he failed to establish past persecution in light of the threats and attacks on him and his wife by members of the Congress Party. He contends that the sexual assault on his wife was a threat to him personally because of his political activities. The substantial evidence presented shows that the threats and mistreatment suffered by Patel did not rise to the level of persecution. *See Mikhael v. INS,* 115 F.3d 299, 303 n.2 (5th Cir. 1997); *Tesfamichael v. Gonzales*, 469 F.3d 109, 116 (5th Cir. 2006).

In his appeal to the BIA, Patel did not argue that he personally suffered harm as a result of the assault on his wife, and he did not pursue the issue in a motion to reopen. Because Patel failed to exhaust his administrative remedy with respect to this claim, this court lacks jurisdiction to determine whether the BIA erred in not considering the sexual assault on Mrs. Patel in making its determination of the persecution issue. *See Wang v. Ashcroft*, 260 F.3d 448, 452 (5th Cir. 2001); *Omari v. Holder*, 562 F.3d 314, 319 (5th Cir. 2009).

The evidence showed that Patel made little effort to obtain assistance from the police, and the documentary evidence reflected efforts by the police to protect members of the Bharatiya Janata Party. The substantial evidence in the record does not show that the Indian government or the local police were unwilling or unable to protect Patel from harm by members of the Congress Party. *See Tesfamichael*, 469 F.3d at 113.

Because Patel failed to establish past persecution, it was his burden to demonstrate that relocation to another area of India was unreasonable. *See Lopez-Gomez v. Ashcroft,* 263 F.3d 442, 446 (5th Cir. 2001). Patel's speculative assertion that he could not relocate because the Congress Party would seek

No. 14-60783

him out in other areas of the country was rebutted by his failure to make any attempt to relocate to another area of India and the fact that his daughter had remained safe from harm when relocated to an area not too distant from Patel's home village.  Patel did not carry his burden of showing that he could not reasonably relocate to avoid future persecution by members of the Congress Party.  *See Lopez-Gomez*, 263 F.3d at 446.

The substantial evidence in the record supports the BIA's determination that Patel was not subject to past persecution and that he does not have a well-founded fear of future persecution if he returns to India.  *See Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005).  Because Patel has not shown that the BIA erred in denying his request for asylum, he cannot show that he meets the higher standard for withholding of removal.  *See Dayo v. Holder,* 687 F.3d 653, 658-59 (5th Cir. 2012).  Nor has Patel shown that there is substantial evidence that it is more likely than not that he would be tortured if he returns to India.  *See Zhang,* 432 F.3d at 344-45.

Patel's petition for review is DENIED.