# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

March 21, 2018

Lyle W. Cayce
Clerk

No. 17-60087
Summary Calendar

LARISSA LISBETH ZAMBRANO-MALDONADO; SOJAIRY DARLENY
HERNANDEZ-ZAMBRANO,

Petitioners

v.

JEFFERSON B. SESSIONS, III, U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A206 478 828
BIA No. A206 478 829

Before JONES, SMITH, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Larissa Lisbeth Zambrano-Maldonado, a native and citizen of Honduras, seeks review of the Board of Immigration Appeals' (BIA) order dismissing her appeal from the Immigration Judge's (IJ) decision denying her request for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). She contends the BIA committed error by concluding she was not a member of a particular social group comprised of Honduran women unable to leave their domestic partners. Sojairy Darleny Hernandez-

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 17-60087

Zambrano, Zambrano's minor daughter, is a derivative beneficiary of her application.

A factual determination an alien is not eligible for asylum, withholding of removal, or relief under the CAT is reviewed under the substantial-evidence standard. *Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006). Under that standard, an immigration court's factual finding is not erroneous unless "the evidence was so compelling that no reasonable factfinder could conclude against it". *Wang v. Holder*, 569 F.3d 531, 537 (5th Cir. 2009); 8 U.S.C. § 1252(b)(4)(B). It is petitioner's burden to demonstrate the evidence compels a conclusion contrary to that reached by the BIA. *Zhao v. Gonzales*, 404 F.3d 295, 306 (5th Cir. 2005).

Zambrano has not met these standards because the evidence does not compel the conclusion she was unable to leave her domestic partner. *Id*. We lack jurisdiction to consider her claims the BIA committed error by defining her social group differently than the IJ and making factual findings because they were not exhausted. *Omari v. Holder*, 562 F.3d 314, 318–19 (5th Cir. 2009); *Wang v. Ashcroft*, 260 F.3d 448, 452–53 (5th Cir. 2001). In short, Zambrano has not shown the evidence compels a conclusion contrary to that reached by the IJ and BIA on whether she was entitled to asylum. *Zhao*, 404 F.3d at 306. She concomitantly has not shown she is entitled to withholding of removal. *Efe v. Ashcroft*, 293 F.3d 899, 906 (5th Cir. 2002). Finally, because she has not shown removal to Honduras will more likely than not subject her to officially-sanctioned torture, she has not shown she should receive CAT relief. *Ramirez-Mejia v. Lynch*, 794 F.3d 485, 493 (5th Cir. 2015); 8 C.F.R. § 208.18(a)(1).

DENIED.