# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
July 17, 2018

Lyle W. Cayce
Clerk

No. 17-60476
Summary Calendar

EVELYNE AKINYI ODHIAMBO,

Petitioner

v.

JEFFERSON B. SESSIONS, III, U.S. ATTORNEY GENERAL,

Respondent

Petitions for Review of an Order of the
Board of Immigration Appeals
BIA No. A097 683 038

Before KING, SOUTHWICK, and ENGELHARDT, Circuit Judges.

PER CURIAM:[*]

Evelyne Akinyi Odhiambo, a native and citizen of Kenya, has petitioned this court for review of the Board of Immigration Appeals' (BIA's) decision affirming the denial of her applications for withholding of removal and protection under the Convention Against Torture (CAT) based on the immigration judge's adverse credibility determination. We lack jurisdiction to review the denial of her asylum application as time barred because Odhiambo

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-60476

did not challenge that determination in her appeal to the BIA, and the issue is therefore unexhausted.  *See Wang v. Ashcroft,* 260 F.3d 448, 452-53 (5th Cir. 2001).

We review the factual finding of an adverse credibility determination for substantial evidence.  *See Wang v. Holder,* 569 F.3d 531, 536 (5th Cir. 2009). The BIA or "an [immigration judge] may rely on *any* inconsistency or omission in making an adverse credibility determination as long as the totality of the circumstances establishes that an asylum applicant is not credible[.]"  *Id.* at 538-39 (internal quotation marks and citation omitted).  We will "defer therefore to an [immigration judge's] credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling."  *Id.* at 538 (internal quotation marks and citation omitted).

Our review of the record establishes that substantial evidence supports the finding that there were inconsistencies in the testimony and written asylum application on the material issue whether Odhiambo and her family members had suffered past harm or threats relative to the practice of female genital mutilation.  *See Wang,* 569 F.3d at 536.  The totality of circumstances supports the determination that Odhiambo, who also had made a false claim of citizenship, was not a credible witness.  *See* 8 U.S.C. § 1158(b)(1)(B)(iii).  We therefore do not reach the issues whether she carried her burden of proof with regard to her applications for withholding of removal and protection under the CAT.  Her petition for review is thus dismissed in part for lack of jurisdiction and denied in part.

PETITION DISMISSED IN PART AND DENIED IN PART.