# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-60180
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
February 26, 2019

Lyle W. Cayce
Clerk

MICHAEL STEEVEN BAQUEDANO-ORDONEZ,

Petitioner

v.

WILLIAM P. BARR, U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A206 190 973

Before BARKSDALE, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

Michael Steeven Baquedano-Ordonez, a native and citizen of Honduras, seeks review of the Board of Immigration Appeals' (BIA's) order dismissing his appeal from the Immigration Judge's decision, challenging only the BIA's conclusions on his asylum and withholding-of-removal claims. He contends, *inter alia*, the BIA erred by concluding he was not a member of a particular

---

* Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 18-60180

social group comprised of young Honduran men with family in the United States.

A factual determination an alien is ineligible for asylum or withholding of removal is reviewed for substantial evidence. *Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006). Under that standard, an immigration court's factual finding is not erroneous unless "the evidence was so compelling that no reasonable factfinder could conclude against it". *Wang v. Holder*, 569 F.3d 531, 537 (5th Cir. 2009) (citation omitted); 8 U.S.C. § 1252(b)(4)(B). Petitioner has the burden of demonstrating the evidence compels a conclusion contrary to that reached by the BIA. *Zhao v. Gonzales*, 404 F.3d 295, 306 (5th Cir. 2005).

Baquedano has not met this standard because, *inter alia*, the evidence does not compel the conclusion his proposed social group was a socially distinct segment of Honduran society that shared an immutable characteristic. *See Orellana-Monson v. Holder*, 685 F.3d 511, 518 (5th Cir. 2012).

Along that line, our court lacks jurisdiction to consider his claim he belongs to a group comprised of young, male, Christian missionaries because it was not exhausted before the BIA. *See Omari v. Holder*, 562 F.3d 314, 318–19 (5th Cir. 2009); *Wang v. Ashcroft*, 260 F.3d 448, 452–53 (5th Cir. 2001).

And, because Baquedano has not shown the evidence compels a conclusion contrary to that reached by the BIA on whether he is entitled to asylum, *Zhao*, 404 F.3d at 306, he concomitantly cannot show he is entitled to withholding of removal. *Efe v. Ashcroft*, 293 F.3d 899, 906 (5th Cir. 2002).

DENIED.