# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 25, 2013

Lyle W. Cayce
Clerk

No. 13-60183
Summary Calendar

MANUEL ALEXANDER ALVARADO-RIVAS,

Petitioner

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A205 073 520

Before REAVLEY, JONES, and ELROD, Circuit Judges.

PER CURIAM:[*]

Manuel Alexander Alvarado-Rivas, a native and citizen of El Salvador, applied for asylum, withholding of removal, and relief under the Convention Against Torture (CAT), asserting that he was persecuted in El Salvador on account of his sexual orientation. The immigration judge (IJ) determined that Alvarado-Rivas was not credible and denied all relief. The Board of Immigration Appeals (BIA) affirmed the adverse credibility determination and dismissed the appeal.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Alvarado-Rivas abandons any challenge to the denial of withholding of removal and relief under the CAT by failing to address the issues in his opening brief. *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003); *Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

With respect to the adverse credibility determination, Alvarado-Rivas disputes the examples of an omission, inconsistency, and implausibility cited by the BIA. We review the credibility finding for substantial evidence. *See Orellana-Monson v. Holder*, 685 F.3d 511, 517-18 (5th Cir. 2012); *Wang v. Holder*, 569 F.3d 531, 538-40 (5th Cir. 2009). Alvarado-Rivas's statements throughout the record are replete with inconsistencies. During his credible fear interview, he omitted any mention of a violent rape at gunpoint that he later alleged in his asylum application. The omission was consistent with his pattern of embellishing his claims of persecution as the case proceeded with allegations that incidents were motivated by his sexual orientation. Also particularly glaring were inconsistencies among his various explanations for telling authorities initially that he was not afraid to return to El Salvador. In light of such a record, Alvarado-Rivas fails to meet his burden of showing that the evidence compels a finding that he was credible. *See Orellana-Monson*, 685 F.3d at 518; *Wang*, 569 F.3d at 538-40.

Next, Alvarado-Rivas asserts various errors by the BIA in determining that he established neither past persecution nor a well-founded fear of future persecution. Because he was deemed not credible, he could not prove his eligibility for asylum by relying on his own testimony. *See* 8 U.S.C. § 1158(b)(1)(B)(ii). The "factual conclusion that an alien is not eligible for asylum" is also reviewed for substantial evidence. *Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005) (internal quotation marks and citation omitted). Alvarado-Rivas disputes the BIA's characterization of several affidavits that he filed, argues that the BIA unreasonably required additional corroboration, and asserts that the BIA should have considered his allegations collectively. These

arguments do not show, however, that the record before us compels a finding that he was persecuted or that he has a well-founded fear of future persecution. *See Orellana-Monson*, 685 F.3d at 518; *Zhang*, 432 F.3d at 344.

Finally, Alvarado-Rivas urges this court to rebuke the BIA and the IJ for using the authority to make credibility determinations as a pretext for denying legitimate asylum claims. He asks us to impose a rule that an immigration judge must give an applicant an opportunity to explain any perceived discrepancies before making an adverse credibility determination. In support of his argument, he asserts that the judge in his case "has one of the lowest 'grant rates' among IJs in the country" for asylum claims. Because the IJ's adverse credibility determination was supported by substantial evidence, we find no merit in this argument. We similarly reject any suggestion that the adverse credibility determination was unreliable because the judge was hostile. *See Wang*, 569 F.3d at 539-40.

The petition is DENIED.