# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
March 3, 2021

Lyle W. Cayce
Clerk

No. 20-60438
Summary Calendar

Arshdeep Singh, *also known as* Archdeep Singh,

*Petitioner*,

*versus*

Robert M. Wilkinson, *Acting U. S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A201 747 844

Before Jones, Barksdale, and Stewart, *Circuit Judges*.

Per Curiam:*

Arshdeep Singh, a native and citizen of India, petitions for review of the Board of Immigration Appeals' (BIA) dismissing his appeal from an order of an Immigration Judge (IJ) denying: his application for asylum; withholding of removal; and relief under the Convention Against Torture (CAT). Singh

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

contends:   the BIA erred in affirming the IJ's adverse credibility determination in his application (on the basis of his political opinion) for asylum and withholding of removal; the BIA and IJ failed, for the purposes of CAT, to provide a "reasoned analysis" of the likelihood of his future torture in India; and the IJ inappropriately assumed Singh could be relocated within India.  His claims fail.

We review the BIA's decision, and that of the IJ insofar as it influenced the BIA.  *E.g.*, *Wang v. Holder*, 569 F.3d 531, 536 (5th Cir. 2009). Legal conclusions are reviewed *de novo*; factual findings, for substantial evidence.  *Iruegas-Valdez v. Yates*, 846 F.3d 806, 810 (5th Cir. 2017). Substantial evidence requires the decision be based on the evidence presented and be substantially reasonable.  *Sharma v. Holder*, 729 F.3d 407, 411 (5th Cir. 2013).

Regarding the credibility issue, an adverse credibility determination is a factual finding.  *Singh v. Sessions*, 880 F.3d 220, 225 (5th Cir. 2018).  In making a credibility determination, an IJ may consider, *inter alia*, the internal inconsistencies of an asylum applicant's or witness' testimony.  8 U.S.C. § 1158(b)(1)(B)(iii).  An IJ "may rely on *any* inconsistency or omission in making an adverse credibility determination as long as the totality of the circumstances establishes that an asylum applicant is not credible".  *Wang*, 569 F.3d at 538 (internal quotation marks and citation omitted).  We defer to the BIA's factual findings "unless the evidence is so compelling that no reasonable fact finder could fail to find otherwise".  *Id.* (internal quotation marks and citation omitted).

The BIA affirmed the IJ's adverse credibility determination based on the IJ's finding numerous omissions and inconsistencies in Singh's testimony.  Singh concedes, *inter alia*:  he did not mention in his testimony that his mother accompanied him when he reported his first beating by

No. 20-60438

members of the Congress Party; he testified he saw different doctors following two attacks on him by Congress Party members, but he submitted two medical letters signed by the same doctor; and he gave inconsistent testimony regarding the timing of his departure from India. Nonetheless, Singh maintains the IJ improperly: based its adverse credibility determination on trivial inconsistencies and mistakes about minor details; engaged in unwarranted speculation by concluding the medical letters were fraudulent; and failed to give him the opportunity to address any perceived problems in his testimony.

The record does not compel a determination Singh was credible. *See Id.* at 538–40. The IJ properly considered the inconsistencies in Singh's testimony and, accordingly, its adverse credibility determination is supported by substantial evidence. Contrary to Singh's claim—and as the BIA determined—the IJ did not expressly find the medical letters were fraudulent. Regardless, the IJ's concern about the veracity of the letters was substantially reasonable given a report in the record. *See Chen v. Gonzales*, 470 F.3d 1131, 1142 (5th Cir. 2006) (referencing a Country Report in the record in evaluating the substantial reasonableness of the IJ's determination).

Further, the IJ is not required to give an applicant the opportunity to explain inconsistencies before reaching an adverse credibility determination. *See Alvarado-Rivas v. Holder*, 547 F. App'x 630, 631 (5th Cir. 2013) (rejecting request to "impose a rule that an immigration judge must give an applicant an opportunity to explain any perceived discrepancies before making an adverse credibility determination"); *Ballard v. Burton*, 444 F.3d 391, 401 n.7 (5th Cir. 2006) (recognizing unpublished opinions issued after 1 January 1996 are not controlling precedent but may be considered persuasive authority).

Singh's challenge to the denial of protection under CAT similarly fails. Insofar as he claims the IJ and the BIA erred by failing to provide a

sufficiently "reasoned analysis" of his CAT claim, the issue is unexhausted; therefore, we lack jurisdiction to consider it. *See* 8 U.S.C. § 1252(d)(1). To the extent Singh challenges the BIA's conclusion that the IJ's adverse credibility determination was dispositive of his CAT claim, he does not show error. *See Dayo v. Holder*, 687 F.3d 653, 659 (5th Cir. 2012) ("[B]ecause the same lack of evidence [from defendant's asylum and withholding of removal claims] means that [defendant] cannot show he will be tortured, he is not entitled to relief under the CAT").

Regarding internal-relocation claim, Singh asserts: the IJ engaged in improper speculation in determining the Congress Party would not pursue him were he to relocate within India; and the matter should be remanded for a more thorough examination of the issue. The IJ, however, did not make a merits determination on the internal-relocation issue; rather, in the course of explaining the adverse credibility determination, the IJ merely discussed the implausibility of Singh's testimony that the Congress Party would track him throughout India. Obviously, because the internal-relocation issue is not relevant, it need not be reviewed. *See Bianchini v. Humble Pipe Line Co.*, 480 F.2d 251, 255 (5th Cir. 1973) ("[W]e need not address that issue because we find that [it] has no relevance to this appeal").

DISMISSED IN PART; DENIED IN PART.