# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

June 24, 2021

Lyle W. Cayce
Clerk

No. 20-60055
Summary Calendar

HARPREET SINGH,

*Petitioner*,

*versus*

MERRICK GARLAND, *U.S. Attorney General,*

*Respondent.*

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A215 912 661

Before JONES, BARKSDALE, and STEWART, *Circuit Judges.*

PER CURIAM:[*]

Harpreet Singh, a native and citizen of India, challenges the Board of Immigration Appeals' (BIA) dismissal of his appeal from an Immigration Judge's (IJ) order denying his application for: asylum; withholding of removal; and relief under the Convention Against Torture (CAT). Singh

---

[*] Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

contends: the IJ's adverse credibility determination was not based on the totality of circumstances; the IJ and BIA erred in denying asylum by failing to separate Singh's testimony of past, from his fear of future, persecution; and the IJ and BIA ignored evidence of India's country conditions in denying CAT relief. His claims fail.

In considering the BIA's decision (and the IJ's decision, to the extent it influenced the BIA), our court reviews legal conclusions *de novo* and factual findings for substantial evidence. *Orellana-Monson v. Holder*, 685 F.3d 511, 517–18 (5th Cir. 2012). Under the substantial-evidence standard, "petitioner has the burden of showing that the evidence is so compelling that no reasonable factfinder could reach a contrary conclusion". *Id.* at 518 (internal quotation marks and citation omitted).

An adverse credibility determination is a factual finding. *Singh v. Sessions*, 880 F.3d 220, 225 (5th Cir. 2018). In that regard, "if the IJ's credibility determinations are supported by the record, they will be affirmed". *Wang v. Holder*, 569 F.3d 531, 537 (5th Cir. 2009). In making an adverse credibility determination, the IJ and the BIA "may rely on *any* inconsistency or omission . . . as long as the totality of the circumstances establishes that an asylum applicant is not credible". *Id.* at 538 (internal quotation marks and citation omitted) (emphasis in original).

The record does not compel the conclusion that Singh was credible. *See Chun v. I.N.S.*, 40 F.3d 76, 79 (5th Cir. 1994). Both the IJ and the BIA identified several inconsistencies between Singh's testimony and the documentary evidence. And, contrary to Singh's claim, the IJ is not required to give an applicant the opportunity to explain inconsistencies before reaching an adverse credibility determination. *See Alvarado-Rivas v. Holder*, 547 F. App'x 630, 631 (5th Cir. 2013) (rejecting request to "impose a rule that an immigration judge must give an applicant an opportunity to explain

any perceived discrepancies before making an adverse credibility determination"); *Ballard v. Burton*, 444 F.3d 391, 401 n.7 (5th Cir. 2006) (recognizing unpublished opinions issued after 1 January 1996 are not controlling precedent but may be considered persuasive authority). In addition, Singh's contention that the IJ erred by relying on the credible-fear interview as part of its credibility finding was not exhausted before the BIA. *See Wang v. Ashcroft*, 260 F.3d 448, 452–53 (5th Cir. 2001) ("An alien fails to exhaust his administrative remedies with respect to an issue when the issue is not raised in the first instance before the BIA".).

Singh's next claim rests on a misunderstanding. In finding his lack of credibility dispositive of his claim for asylum, the BIA and IJ did not fail to analyze his fear of future persecution. Where, as here, an applicant's testimony is the primary evidence in support of his asylum application, an adverse credibility finding can be dispositive of his claim. *See Chun*, 40 F.3d at 79 ("Without credible evidence, the BIA had no basis upon which to grant asylum or withhold deportation. . . . [W]e find that [petitioner's] lack of credibility is an adequate ground for affirming"); *Zhang v. Gonzales*, 432 F.3d 339, 345 (5th Cir. 2005) ("Without a credible showing that he is a practitioner of [his professed religion, petitioner] cannot meet his burden of proving past or future mistreatment".).

Finally, to obtain relief under CAT, Singh must show, *inter alia*, it is more likely than not he would be tortured if returned to his home country. *See* C.F.R. § 208.16(c)(2); *Efe v. Ashcroft,* 293 F.3d 899, 907 (5th Cir. 2002). Insofar as Singh challenges the BIA's conclusion that the IJ's adverse credibility determination was dispositive of his CAT claim, he does not show error. *See Dayo v. Holder*, 687 F.3d 653, 659 (5th Cir. 2012) ("[B]ecause the same lack of evidence [from petitioner's asylum and withholding of removal

claims] means that [petitioner] cannot show he will be tortured, he is not entitled to relief under the CAT").

DISMISSED IN PART; DENIED IN PART.