# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
July 21, 2021

Lyle W. Cayce
Clerk

No. 20-60109
Summary Calendar

———

Rolando Hernandez-Justo,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

———

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A209 947 881

———

Before Barksdale, Willett, and Duncan, *Circuit Judges*.

Per Curiam:*

Rolando Hernandez-Justo, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' (BIA) dismissing his appeal from the denial of withholding of removal and humanitarian asylum. (Because he failed to exhaust his additional claims that the immigration judge

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-60109

(IJ) erred in admitting evidence of his alienage and in determining he was removable as charged, we lack jurisdiction to address them. *See Wang v. Ashcroft*, 260 F.3d 448, 452–53 (5th Cir. 2001).)

In considering the BIA's decision (and the IJ's, to the extent it influenced the BIA), questions of law are reviewed *de novo*; factual findings, for substantial evidence. *E.g.*, *Orellana-Monson v. Holder*, 685 F.3d 511, 517–18 (5th Cir. 2012). Whether an applicant is eligible for withholding of removal is a factual finding which, as noted above, is reviewed for substantial evidence. *See Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006) (citations omitted). Under that standard, the BIA's factual findings are conclusive unless the record compels a contrary finding. *Wang v. Holder*, 569 F.3d 531, 536–37 (5th Cir. 2009).

Substantial evidence supports the BIA's determining Hernandez failed to demonstrate past persecution on account of his membership in the particular social group of Mexican men who are albino and blind. Persecution is not mere harassment or discrimination; it is "a specific term that 'does not encompass all treatment that our society regards as unfair, unjust, or even unlawful or unconstitutional'". *Gjetani v. Barr*, 968 F.3d 393, 397 (5th Cir. 2020) (quoting *Majd v. Gonzales*, 446 F.3d 590, 595 (5th Cir. 2006)). Hernandez claims he was subjected to persecution when he was physically attacked by his classmates and because witchcraft practitioners target individuals suffering from albinism. But these incidents are not extreme enough to compel a finding of past persecution in the light of his testimony that: he was not seriously harmed by any of the attacks; he was never personally targeted by witchcraft practitioners; and he was unaware of any specific incidents where an individual suffering from albinism was targeted by a witchcraft practitioner in Mexico. *See Qorane v. Barr*, 919 F.3d 904, 909 (5th Cir. 2019).

No. 20-60109

The BIA's determining Hernandez failed to establish a well-founded fear of future persecution is also supported by substantial evidence. To demonstrate a well-founded fear of future persecution, applicant must demonstrate "a subjective fear of persecution, and that fear must be objectively reasonable". *Gjetani*, 968 F.3d at 399 (quoting *Eduard v. Ashcroft*, 379 F.3d 182, 189 (5th Cir. 2004)). Despite his assertion that he will be targeted by witchcraft practitioners if forced to return to Mexico, the record is devoid of evidence that witchcraft practitioners in Mexico target individuals suffering from albinism. In fact, the evidence submitted by Hernandez concerns the targeting of individuals suffering from albinism by witchcraft practitioners in Africa, not Mexico.

Finally, because Hernandez failed to demonstrate that he was subjected to past persecution, he is foreclosed from seeking humanitarian asylum. *See Nikpay v. Barr*, 838 F. App'x 30, 35 (5th Cir. 2020); *Shehu v. Gonzales*, 443 F.3d 435, 441 (5th Cir. 2006) (denying petition for review on humanitarian-asylum claim because applicant failed to demonstrate past persecution).

DISMISSED in part; DENIED in part.