# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

April 22, 2022

Lyle W. Cayce
Clerk

No. 21-60115
Summary Calendar

Nelson Santana-Casas,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A202 184 300

Before Jolly, Willett, and Engelhardt, *Circuit Judges.*

Per Curiam:*

Nelson Santana-Casas, a native and citizen of Mexico, petitions for review of a decision by the Board of Immigration Appeals (BIA) dismissing his appeal from the denial of his application for cancellation of removal. Santana-Casas contends that the BIA erred in determining that he was

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

ineligible for cancellation of removal and that he did not warrant a discretionary grant of cancellation of removal. Although he also argues that the immigration judge lacked jurisdiction to order him removed, this claim is unexhausted and we accordingly lack jurisdiction to address it. *See Wang v. Ashcroft*, 260 F.3d 448, 452–53 (5th Cir. 2001).

We review the BIA's decision and consider the immigration judge's decision only to the extent that it influenced the BIA. *Singh v. Sessions*, 880 F.3d 220, 224 (5th Cir. 2018). Factual findings are reviewed for substantial evidence and legal determinations are reviewed de novo. *Guerrero Trejo v. Garland*, 3 F.4th 760, 774 (5th Cir. 2021).

Cancellation of removal is available to applicants who have been continuously present in the United States for 10 or more years prior to filing an application, who can establish good moral character during that time, who have no disqualifying convictions, and whose spouse, children, or parent would suffer exceptional and extremely unusual hardship if the applicant were removed. 8 U.S.C. § 1229b(b)(1).

Despite Santana-Casas's assertions to the contrary, the consequences facing his children if he were removed are not "'substantially' beyond the ordinary hardship that would be expected when a close family member leaves this country." *Guerrero Trejo*, 3 F.4th at 775 (quoting *In Re Monreal-Aguinaga*, 23 I. & N. Dec. 56, 62 (BIA 2001)). Moreover, although he claims that the BIA required him to demonstrate an unconscionable level of hardship and failed to consider the hardship factors in the aggregate, the record reflects that the BIA explicitly considered the financial, emotional, and physical factors in the aggregate before determining that he failed to demonstrate an extremely unusual hardship to his daughter. Because resolution of this issue is dispositive as to his lack of eligibility for cancellation of removal, *see* § 1229b(b)(1), we need not consider his argument regarding

No. 21-60115

whether he has a disqualifying conviction or whether he warranted cancellation of removal as an act of discretion. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976).

Accordingly, the petition for review is DISMISSED in part and DENIED in part.