# United States Court of Appeals for the Fifth Circuit

No. 21-60552
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
September 30, 2022

Lyle W. Cayce
Clerk

Elibariki S. Gau,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A079 012 012

Before Davis, Duncan, and Engelhardt, *Circuit Judges*.
Per Curiam:*

Elibariki S. Gau, a native and citizen of Tanzania, has filed a petition for review of a decision of the Board of Immigration Appeals (BIA) denying his motion to remand. Gau argues that the BIA erred in refusing to remand his case to the immigration judge (IJ) to consider evidence of his son Ethan's

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

autism diagnosis.  He argues that, contrary to the BIA's decision, evidence of Ethan's autism diagnosis was new and previously unavailable evidence relevant to his eligibility for cancellation of removal.

A motion that asks the BIA to remand a case to the IJ based on newly discovered evidence is subject to the same substantive requirements as a motion to reopen.  *See Wang v. Ashcroft*, 260 F.3d 448, 452 & n.2 (5th Cir. 2001).  When evaluating a denial of a motion to reopen, this court reviews the BIA's order but will also consider the IJ's underlying decision to the extent that it influenced the BIA's opinion.  *Nunez v. Sessions*, 882 F.3d 499, 505 (5th Cir. 2018).  A denial of a motion to reopen is reviewed under "a highly deferential abuse-of-discretion standard."  *Id.*

Gau disagrees with the BIA's determination that the evidence of Ethan's autism was not new evidence that was previously unavailable.  He points out that at the time of the IJ's decision, Ethan had only been diagnosed with Attention Deficit Hyperactivity Disorder (ADHD), not autism.  While it is true that the results of Ethan's second evaluation with a psychologist and official autism diagnosis were not before the IJ when he issued his decision, Gau has not shown that the IJ was unaware of facts relevant to his hardship claim.

At the hearing before the IJ, Gau testified that a doctor had diagnosed Ethan with ADHD and "possibly" autism.  The IJ also considered the report from the Spring Branch Community Health Center, indicating that Ethan demonstrated "some features of autism."  Though Ethan's second evaluation did not exist at the time of the hearing before the IJ, Gau cannot show that the IJ was unaware of Ethan's suspected autism.

Furthermore, other than stating that the second evaluation did not exist at the time of the IJ's decision, Gau does not show that the diagnosis was unavailable.  As the BIA observed, Gau had been notified that Ethan

No. 21-60552

exhibited signs of autism as early as 2017, and Gau had not explained why the second evaluation could not have been completed prior to the hearing before the IJ. Gau has therefore failed to show that the BIA abused its discretion in denying his motion to remand based on his failure to present new, previously unavailable evidence in support. *See Nunez*, 882 F.3d at 505.

Gau has likewise failed to show that the BIA abused its discretion in denying the motion to remand because Gau had failed to show that the evidence of Ethan's official autism diagnosis was likely to change the outcome of the case. As the Government points out, Gau references this basis for denying his motion in a single sentence, but he does not otherwise dispute the BIA's conclusion. He has therefore abandoned any such challenge. *See United States v. McRae*, 795 F.3d 471, 479 (5th Cir. 2015).

The petition for review is DENIED.